**ORAL ARGUMENT REQUESTED**

**CASE NO. 21-50964**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

JEROME CORSI, Individually; LARRY KLAYMAN, Individually

Plaintiffs-Appellants

V.

INFOWARS, L.L.C.; FREE SPEECH
SYSTEMS, L.L.C.; ALEX E. JONES, Individually;
DAVID JONES, Individually; OWEN
SHROYER, Individually; ROGER STONE

Defendants-Appellees.

---

APPEAL FROM AN ORDER
OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

---

**APPELLANTS' EXCERPTS OF RECORD**

---

Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton FL 33433
Tel: (561)-558-5336
Email: leklayman@gmail.com

*Counsel for Plaintiffs-Appellants*

**Dated**: January 18, 2022

# **TABLE OF CONTENTS**

Tab 1 – Docket Sheet ....................................................................ROA.1 – ROA.24

Tab 2 – Report and Recommendation of Magistrate Austin .................ROA.1995 – ROA.2013

Tab 3 – Order of Judge Yeakel ...........................................ROA.2534 – ROA.2538

Tab 4 - Judgment ......................................................................ROA.2539

Tab 5 – Notice of Appeal ...................................................ROA.3558 – ROA.3559

Tab 6 – Affidavit of Larry Klayman ...................................ROA.1302 – ROA.1316

Tab 7 – Affidavit of Dr. Corsi .............................................ROA.1363 – ROA.1373

Tab 8 – Affidavit of Kelly Morales .....................................ROA.1337 – ROA.1338

Tab 9 – Affidavit of David Jones .........................................................ROA.1339

Tab 10 – Deposition Transcripts Excerpts ...........................ROA.1328 – ROA.1333

Tab 11– Judge Yeakel Hearing Transcript Excerpt..............ROA.4355, ROA.4365-ROA.4366

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties listed below on January 18, 2021.

/s/ Larry Klayman     

# TAB 1

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00298-LY-DH

| | |
|---|---|
| Corsi et al v. Infowars, LLC et al | Date Filed: 03/20/2020 |
| Assigned to: Judge Lee Yeakel | Date Terminated: 06/25/2021 |
| Referred to: Judge Dustin M. Howell | Jury Demand: Plaintiff |
| Case in other court:  District of Columbia, Washington DC, | Nature of Suit: 320 Assault Libel & Slander |
| 1:19-cv-00656-TJK | Jurisdiction: Diversity |
| USCA 5th Circuit, 21-50964 | |
| Cause: 28:1332 Diversity-Libel,Assault,Slander | |

**Plaintiff**

| | | |
|---|---|---|
| **Jerome Corsi**<br>*Individually* | represented by | **Larry Klayman**<br>Klayman Law Group P.A.<br>2020 Pennsylvania Ave. NW #800<br>Washington, DC 20006<br>561-558-536<br>Fax: 202-318-8839<br>Email: leklayman@gmail.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Sanjay Biswas**<br>Sanjay Biswas Attorney at Law PC<br>11720 Duxbury Drive<br>Frisco, TX 75035<br>972-866-5879<br>Fax: 800-506-6804<br>Email: sanjaybiswas41@gmail.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Larry Klayman**<br>*Individually* | represented by | **Larry Klayman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Sanjay Biswas**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Infowars, LLC** | represented by | **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001 |

Fax: (305) 437-7662
Email: jmw@randazza.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Jordan Reeves**
Reeves Law, PLLC
702 Rio Grande St., Suite 203
Austin, TX 78701
512-827-2246
Fax: 512-318-2484
Email: brad@brtx.law
*ATTORNEY TO BE NOTICED*

**Marc J. Randazza**
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
702-420-2001
Fax: 702-297-6584
Email: mjr@randazza.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Free Speech Systems, LLC**   represented by   **Jay Marshall Wolman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Jordan Reeves**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc J. Randazza**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alex E. Jones**   represented by   **Jay Marshall Wolman**
*Individually*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Jordan Reeves**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc J. Randazza**
(See above for address)
*PRO HAC VICE*

**Defendant**

**David Jones**
*Individually*

represented by   **David Scott Wachen**
Wachen LLC
11605 Montague Court
Potomac, MD 20854
(240) 292-9121
Fax: 301-259-3846
Email: david@wachenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc J. Randazza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory P. Sapire**
Soltero Sapire Murrell PLLC
7320 North MoPac Expy.
Suite 309
Austin, TX 78731-2311
512-431-9518
Fax: 512-359-7996
Email: greg@ssmlawyers.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owen Shroyer**
*Individually*

represented by   **Jay Marshall Wolman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Jordan Reeves**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc J. Randazza**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roger Stone**

represented by   **Robert C. Buschel**
Buschel Gibbons, P.A.
501 E Las Olas Blvd., Suite 304
Fort Lauderdale, FL 33301-2881
954-530-5301
Email: buschel@bglaw-pa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2019 | 1 (p.25) | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 400 receipt number 0090-5988722) filed by JEROME CORSI, LARRY KLAYMAN. (Attachments: # 1 (p.25) Civil Cover Sheet, # 2 (p.146) Summons, # 3 (p.158) Summons, # 4 (p.159) Summons, # 5 (p.162) Summons, # 6 (p.165) Summons)(Klayman, Larry) (Attachment 1 replaced on 3/8/2019) (zef, ). [Transferred from District of Columbia on 3/20/2020.] (Entered: 03/07/2019) |
| 03/08/2019 | | Case Assigned to Judge Ellen S. Huvelle. (zef, ) [Transferred from District of Columbia on 3/20/2020.] (Entered: 03/08/2019) |
| 03/08/2019 | 2 (p.146) | SUMMONS (5) Issued Electronically as to FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX JONES, DAVID JONES, OWEN SHROYER. (Attachments: # 1 (p.25) Notice and Consent)(zef, ) [Transferred from District of Columbia on 3/20/2020.] (Entered: 03/08/2019) |
| 04/04/2019 | 3 (p.158) | NOTICE of Appearance by Jay Marshall Wolman on behalf of FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, DAVID JONES, OWEN SHROYER (Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/04/2019) |
| 04/04/2019 | 4 (p.159) | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by INFOWARS, LLC (Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/04/2019) |
| 04/04/2019 | 5 (p.162) | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FREE SPEECH SYSTEMS, LLC (Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/04/2019) |
| 04/05/2019 | 6 (p.165) | MOTION for Leave to Appear Pro Hac Vice :Attorney Name-Marc J. Randazza, :Firm- Randazza Legal Group, :Address-2764 Lake Sahara Drive Suite 109 Las Vegas, NV 89117. Phone No. - 7024202001. Fax No. - 3054377662 Filing fee $ 100, receipt number 0090-6043564. Fee Status: Fee Paid. by FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, DAVID JONES, OWEN SHROYER (Attachments: # 1 (p.25) Declaration, # 2 (p.146) Exhibit 1, # 3 (p.158) Exhibit 2, # 4 (p.159) Exhibit 3, # 5 (p.162) Exhibit 4, # 6 (p.165) Text of Proposed Order)(Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/05/2019) |
| 04/08/2019 | 7 (p.195) | MOTION to Dismiss by FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, DAVID JONES, OWEN SHROYER (Attachments: # 1 (p.25) Declaration, # 2 (p.146) Exhibit 1, # 3 (p.158) Exhibit 2, # 4 (p.159) Text of |

| | | Proposed Order)(Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/08/2019) |
|---|---|---|
| 04/22/2019 | 8 (p.307) | Consent MOTION for Extension of Time to File Response/Reply as to 7 (p.195) MOTION to Dismiss by JEROME CORSI, LARRY KLAYMAN (Klayman, Larry) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/22/2019) |
| 04/23/2019 | | MINUTE ORDER granting 8 (p.307) Motion for Extension of Time to File Response re 7 (p.195) MOTION to Dismiss: It is hereby ORDERED that plaintiffs' motion for extension of time is GRANTED; and it is further ORDERED that plaintiffs' response to 7 (p.195) Defendants' Motion to Dismiss Complaint is due by May 13, 2017. Signed by Judge Ellen S. Huvelle on April 23, 2019. (AG) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/23/2019) |
| 04/24/2019 | 9 (p.309) | NOTICE of Appearance by David Scott Wachen on behalf of DAVID JONES (Wachen, David) [Transferred from District of Columbia on 3/20/2020.] (Entered: 04/24/2019) |
| 05/13/2019 | 10 (p.311) | RESPONSE re 7 (p.195) MOTION to Dismiss filed by JEROME CORSI, LARRY KLAYMAN. (Attachments: # 1 (p.25) Exhibit, # 2 (p.146) Exhibit, # 3 (p.158) Exhibit)(Klayman, Larry) [Transferred from District of Columbia on 3/20/2020.] (Entered: 05/13/2019) |
| 05/20/2019 | 11 (p.393) | REPLY to opposition to motion re 7 (p.195) MOTION to Dismiss filed by DAVID JONES. (Wachen, David) [Transferred from District of Columbia on 3/20/2020.] (Entered: 05/20/2019) |
| 05/20/2019 | 12 (p.407) | REPLY to opposition to motion re 7 (p.195) MOTION to Dismiss filed by FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, OWEN SHROYER. (Attachments: # 1 (p.25) Exhibit 1, # 2 (p.146) Exhibit 2)(Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 05/20/2019) |
| 07/05/2019 | | Case directly reassigned to Judge Carl J. Nichols. Judge Ellen S. Huvelle is no longer assigned to the case. (ztnr) [Transferred from District of Columbia on 3/20/2020.] (Entered: 07/05/2019) |
| 07/17/2019 | | MINUTE ORDER. The Court having considered the Defendants' 6 (p.165) Motion For Admission *Pro Hac Vice* of Marc J. Randazza, and it appearing to the Court that the attorney referenced therein meets the requirements for *pro hac vice* admission under Local Civil Rule 83.2(d), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Marc J. Randazza, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 is ADMITTED to practice before the Court *pro hac vice*. Signed by Judge Carl J. Nichols on July 17, 2019. (lccjn1) Modified text on 7/18/2019 |

| | | |
|---|---|---|
| | | (zcdw). [Transferred from District of Columbia on 3/20/2020.] (Entered: 07/17/2019) |
| 10/16/2019 | 13 (p.471) | MOTION for Status Conference by JEROME CORSI, LARRY KLAYMAN (Klayman, Larry) Modified on 10/18/2019 to correct docket event/text (jf). [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/16/2019) |
| 10/18/2019 | 14 (p.473) | RESPONSE re 13 (p.471) MOTION for Status Conference filed by DAVID JONES. (Wachen, David) [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/18/2019) |
| 10/18/2019 | 15 (p.476) | Memorandum in opposition to re 13 (p.471) MOTION for Status Conference filed by FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, OWEN SHROYER. (Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/18/2019) |
| 10/23/2019 | 16 (p.479) | NOTICE OF SUPPLEMENTAL AUTHORITY by FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, OWEN SHROYER (Attachments: # 1 (p.25) Exhibit Exhibit A, Order Dismissing Claims of Larry Klayman Against Peter Santilli, # 2 (p.146) Exhibit Exhibit B, Order Dismissing Claims of Larry Klayman Against Deborah Jordan)(Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/23/2019) |
| 10/25/2019 | 17 (p.495) | NOTICE OF SUPPLEMENTAL AUTHORITY by JEROME CORSI, LARRY KLAYMAN (Klayman, Larry) [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/25/2019) |
| 10/25/2019 | 18 (p.500) | REPLY re 17 (p.495) NOTICE OF SUPPLEMENTAL AUTHORITY filed by FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, ALEX E. JONES, OWEN SHROYER. (Wolman, Jay) [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/25/2019) |
| 10/28/2019 | | MINUTE ORDER. Upon review of Plaintiffs' 13 (p.471) Motion for Hearing, it is hereby ORDERED that the Motion is DENIED. The Court intends to rule on Defendants' 7 (p.195) Motion to Dismiss based solely on the Parties' filings. Signed by Judge Carl J. Nichols on October 28, 2019. (lccjn2) [Transferred from District of Columbia on 3/20/2020.] (Entered: 10/28/2019) |
| 11/01/2019 | 19 (p.504) | RESPONSE re 17 (p.495) NOTICE OF SUPPLEMENTAL AUTHORITY filed by DAVID JONES. (Wachen, David) Modified event title on 11/6/2019 (znmw). [Transferred from District of Columbia on 3/20/2020.] (Entered: 11/01/2019) |
| 02/19/2020 | 20 (p.507) | Case reassigned to Judge Timothy J. Kelly as there is an earlier related case. Judge Carl J. Nichols is no longer assigned to the case. (rj) [Transferred from District of Columbia on 3/20/2020.] (Entered: 02/19/2020) |

| | | |
|---|---|---|
| 03/10/2020 | 21 (p.508) | MEMORANDUM OPINION AND ORDER granting in part Defendants' 7 (p.195) Motion to Dismiss and transferring case. See Opinion and Order for details. Signed by Judge Timothy J. Kelly on 3/10/2020. (lctjk3) [Transferred from District of Columbia on 3/20/2020.] (Entered: 03/10/2020) |
| 03/11/2020 | | Set/Reset Deadlines: Transfer due by 3/20/2020. (zkh) [Transferred from District of Columbia on 3/20/2020.] (Entered: 03/11/2020) |
| 03/20/2020 | | Case transferred to the USDC for the Western District of Texas, pursuant to the Court Order entered 3/10/2020. Sent to Court via extraction. (ztth); Modified text on 3/20/2020 (ztth). [Transferred from District of Columbia on 3/20/2020.] (Entered: 03/20/2020) |
| 03/20/2020 | 22 (p.515) | Case electronically transferred in from District of Columbia; Case Number 1:19-cv-00656. (Entered: 03/20/2020) |
| 03/20/2020 | | Case electronically transferred in from District of Columbia, Washington DC; Case Number 1:19-CV-656-TJK.(cj) (Entered: 03/20/2020) |
| 03/20/2020 | | Case assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (cj) (Entered: 03/20/2020) |
| 03/20/2020 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Austin (cj) (Entered: 03/20/2020) |
| 03/20/2020 | | DEMAND for Trial by Jury by Jerome Corsi, Larry Klayman. (cj) (Entered: 03/20/2020) |
| 03/20/2020 | 23 (p.519) | Order Directing Larry E. Klayman, Marc J. Randazza, David Scott Wachen, and Jay Marshall Wolman to File a Motion to Appear Pro Hac Vice within 14 days. Signed by Judge Lee Yeakel. (cj) (Entered: 03/20/2020) |
| 03/20/2020 | 24 (p.523) | Case Transfer and Opening Letter mailed to all Counsel. (cj) (Entered: 03/20/2020) |
| 04/02/2020 | 25 (p.524) | NOTICE of Attorney Appearance by Bradley Jordan Reeves on behalf of Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. Attorney Bradley Jordan Reeves added to party Free Speech Systems, LLC(pty:dft), Attorney Bradley Jordan Reeves added to party Infowars, LLC(pty:dft), Attorney Bradley Jordan Reeves added to party Alex E. Jones(pty:dft), Attorney Bradley Jordan Reeves added to party Owen Shroyer(pty:dft) (Reeves, Bradley) (Entered: 04/02/2020) |
| 04/02/2020 | 26 (p.525) | MOTION to Appear Pro Hac Vice by Bradley Jordan Reeves *on behalf of Marc J. Randazza* ( Filing fee $ 100 receipt number 0542-13418272) by on behalf of Free Speech Systems, |

| | | |
|---|---|---|
| | | LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Supplement, # 2 (p.146) Proposed Order)(Reeves, Bradley) (Entered: 04/02/2020) |
| 04/02/2020 | 27 (p.579) | MOTION to Appear Pro Hac Vice by Bradley Jordan Reeves *on behalf of Jay M. Wolman* ( Filing fee $ 100 receipt number 0542-13418289) by on behalf of Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Supplement, # 2 (p.146) Proposed Order)(Reeves, Bradley) (Entered: 04/02/2020) |
| 04/02/2020 | 28 (p.586) | NOTICE of Attorney Appearance by Gregory P. Sapire on behalf of David Jones. Attorney Gregory P. Sapire added to party David Jones(pty:dft) (Sapire, Gregory) (Entered: 04/02/2020) |
| 04/03/2020 | 29 (p.589) | MOTION to Appear Pro Hac Vice by Gregory P. Sapire *for David S. Wachen* ( Filing fee $ 100 receipt number 0542-13419640) by on behalf of David Jones. (Attachments: # 1 (p.25) Proposed Order)(Sapire, Gregory) (Entered: 04/03/2020) |
| 04/07/2020 | 30 (p.595) | ORDER GRANTING 29 (p.589) Motion to Appear Pro Hac Vice by David S. Wachen. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (td) (Entered: 04/07/2020) |
| 04/07/2020 | 31 (p.597) | ORDER GRANTING 26 (p.525) Motion to Appear Pro Hac Vice by Marc J. Randazza. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (td) (Entered: 04/07/2020) |
| 04/07/2020 | 32 (p.599) | ORDER GRANTING 27 (p.579) Motion to Appear Pro Hac Vice by Jay M. Wolman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (td) (Entered: 04/07/2020) |
| 05/01/2020 | 33 (p.601) | STATUS REPORT *and Request for Status Conference* by David Jones. (Attachments: # 1 (p.25) Exhibit 1, # 2 (p.146) Exhibit 2, # 3 (p.158) Proposed Order)(Wachen, David) (Entered: 05/01/2020) |
| 05/01/2020 | 34 (p.663) | STATUS REPORT *and Request for Telephonic Status Conference* by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Exhibit 1 - SD FL Complaint, # 2 (p.146) Exhibit 2 - SD FL Order |

| | | Requiring More Definite Statement, # 3 (p.158) Exhibit 3 - SD FL Notice of Voluntary Dismissal, # 4 (p.159) Exhibit 4 - SD FL Order of Dismissal, # 5 (p.162) Proposed Order)(Randazza, Marc) (Entered: 05/01/2020) |
|---|---|---|
| 05/14/2020 | 35 (p.730) | ORDER, Telephonic Status Conference set for 5/21/2020 09:30 AM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (td) (Entered: 05/15/2020) |
| 05/20/2020 | 36 (p.731) | SUPPLEMENT - *Supplemental Declaration of Marc J. Randazza* by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Exhibit 1 - Nev Completion, # 2 (p.146) Exhibit 2 - Ariz Completion, # 3 (p.158) Exhibit 3 - Mass Completion, # 4 (p.159) Exhibit 4 - SD FL Report and Recommendation)(Randazza, Marc) (Entered: 05/20/2020) |
| 05/21/2020 | 37 | Minute Entry for proceedings held before Judge Lee Yeakel: Telephone Status Conference held on 5/21/2020 (Minute entry documents are not available electronically.). (Court Reporter Arlinda Rodriguez.)(td) (Entered: 05/21/2020) |
| 05/21/2020 | 38 (p.748) | Order, Proposed Agreed Scheduling Order due by 6/1/2020. Signed by Judge Lee Yeakel. (td) (Entered: 05/21/2020) |
| 05/22/2020 | 39 (p.749) | MOTION to Appear Pro Hac Vice by Larry E. Klayman by on behalf of Jerome Corsi, Larry Klayman. (Attachments: # 1 (p.25) Envelope, # 2 (p.146) Proposed Order)(td) (Entered: 05/22/2020) |
| 05/26/2020 | 40 (p.758) | ORDER GRANTING 39 (p.749) Motion to Appear Pro Hac Vice by Larry Klayman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (td) (Entered: 05/26/2020) |
| 06/01/2020 | 41 (p.759) | Proposed Scheduling Order *Agreed to by All Parties* by David Jones. (Wachen, David) (Entered: 06/01/2020) |
| 06/09/2020 | 42 (p.4355) | Transcript filed of Proceedings held on May 21, 2020, Proceedings Transcribed: Telephonic Status Conference. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 6/30/2020, Redacted Transcript Deadline set for 7/10/2020, Release of Transcript Restriction set for 9/7/2020, (alr) (Entered: |

| | | |
|---|---|---|
| | | 06/09/2020) |
| 06/22/2020 | 43 (p.762) | ORDER, Initial Pretrial Conference set for 7/17/2020 10:00 AM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (td) (Entered: 06/22/2020) |
| 06/26/2020 | 44 (p.763) | Pro Hac Vice Fee Paid by Larry Klayman; Filing fee $ 100, receipt number 100038717. (td) (Entered: 06/26/2020) |
| 07/17/2020 | 45 | Minute Entry for proceedings held before Judge Lee Yeakel: Initial Pretrial Conference held on 7/17/2020 (Minute entry documents are not available electronically.). (Court Reporter Arlinda Rodriguez.)(td) (Entered: 07/17/2020) |
| 07/17/2020 | 46 (p.764) | SCHEDULING ORDER: Final Pretrial Conference set for 7/30/2021 03:00 PM before Judge Lee Yeakel, ADR Report Deadline due by 11/13/2020, Amended Pleadings due by 11/1/2020, Discovery due by 3/1/2021, Joinder of Parties due by 11/1/2020, Motions due by 4/1/2021. Signed by Judge Lee Yeakel. (td) (Entered: 07/17/2020) |
| 07/29/2020 | 47 (p.767) | AMENDED COMPLAINT against All Defendants amending, filed by Jerome Corsi, Larry Klayman.(Biswas, Sanjay) (Entered: 07/29/2020) |
| 07/30/2020 | 48 (p.880) | ORDERED that Defendants InfoWars, L.L.C., Free Speech Systems, L.L.C., Alex E. Jones, David Jones, and Owen Shroyer's Motion to Dismiss filed on April 8, 2020 (Doe. # 7 (p.195) ) is DISMISSED WITHOUT PREJUDICE. Signed by Judge Lee Yeakel. (td) (Entered: 07/30/2020) |
| 08/07/2020 | 49 (p.881) | Consent MOTION for Extension of Time to File Response/Reply as to 47 (p.767) Amended Complaint by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Proposed Order)(Randazza, Marc) (Entered: 08/07/2020) |
| 08/10/2020 | 50 (p.886) | ORDER GRANTING 49 (p.881) Motion for Extension of Time to File Response to Amended Complaint. Signed by Judge Lee Yeakel. (td) (Entered: 08/11/2020) |
| 08/10/2020 | | Set/Reset Deadlines: Infowars, LLC answer due 9/2/2020; Alex E. Jones answer due 9/2/2020; Owen Shroyer answer due 9/2/2020; Roger Stone answer due 9/2/2020. (td) (Entered: 08/11/2020) |
| 08/11/2020 | 51 (p.887) | Consent MOTION for Extension of Time to File Response/Reply as to 47 (p.767) Amended Complaint by David Jones. (Attachments: # 1 (p.25) Proposed Order)(Wachen, David) (Entered: 08/11/2020) |
| 08/12/2020 | 52 (p.891) | ORDER GRANTING 51 (p.887) Motion for Extension of Time to File Answer to Amended Complaint. Signed by Judge Lee Yeakel. (td) (Entered: 08/12/2020) |
| 08/12/2020 | | Set/Reset Deadlines: David Jones answer due 9/2/2020. (td) |

| | | (Entered: 08/12/2020) |
|---|---|---|
| 08/19/2020 | 53 (p.892) | REQUEST FOR ISSUANCE OF SUMMONS by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 08/19/2020) |
| 08/19/2020 | 54 (p.894) | Summons Issued as to Roger Stone. (td) (Entered: 08/19/2020) |
| 08/26/2020 | 55 (p.896) | Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs* by Owen Shroyer. (Attachments: # 1 (p.25) Exhibit 1, # 2 (p.146) Exhibit 2, # 3 (p.158) Exhibit 3)(Randazza, Marc) (Entered: 08/26/2020) |
| 08/26/2020 | 56 (p.1016) | MOTION for Sanctions *Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11* by Owen Shroyer. (Randazza, Marc) (Entered: 08/26/2020) |
| 09/02/2020 | 57 (p.1028) | Motion to Dismiss for Failure to State a Claim by David Jones. (Attachments: # 1 (p.25) Exhibit A, # 2 (p.146) Exhibit B, # 3 (p.158) Proposed Order)(Wachen, David) (Entered: 09/02/2020) |
| 09/02/2020 | 58 (p.1101) | Motion to Dismiss for Failure to State a Claim by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones. (Attachments: # 1 (p.25) Exhibit Exhibit 1, # 2 (p.146) Exhibit Exhibit 2)(Randazza, Marc) (Entered: 09/02/2020) |
| 09/02/2020 | 59 (p.1156) | Motion to Dismiss for Failure to State a Claim *against Larry Klayman* by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones. (Randazza, Marc) (Entered: 09/02/2020) |
| 09/09/2020 | 60 (p.1183) | Consent MOTION for Extension of Time to File Response/Reply as to 57 (p.1028) Motion to Dismiss for Failure to State a Claim , 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs*, 56 (p.1016) MOTION for Sanctions *Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11*, 58 (p.1101) Motion to Dismiss for Failure to State a Claim , 59 (p.1156) Motion to Dismiss for Failure to State a Claim *against Larry Klayman* by Larry Klayman. (Biswas, Sanjay) (Entered: 09/09/2020) |
| 09/09/2020 | 61 (p.1185) | DEFICIENCY NOTICE to Sanjay Biswas: re 60 (p.1183) Consent MOTION for Extension of Time to File Response/Reply as to 57 (p.1028) Motion to Dismiss for Failure to State a Claim , 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs*, 56 (p.1016) Motion. (td) (Entered: 09/09/2020) |
| 09/09/2020 | 62 (p.1186) | ATTACHMENT to 61 (p.1185) Deficiency Notice, 60 (p.1183) Consent MOTION for Extension of Time to File Response/Reply as to 57 (p.1028) Motion to Dismiss for Failure to State a Claim , 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs*, 56 (p.1016) MOTION for by Larry Klayman. (Biswas, Sanjay) (Entered: 09/09/2020) |
| 09/09/2020 | 63 (p.1187) | |

| | | |
|---|---|---|
| | | RESPONSE in Support, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer, re 60 (p.1183) Consent MOTION for Extension of Time to File Response/Reply as to 57 (p.1028) Motion to Dismiss for Failure to State a Claim , 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs*, 56 (p.1016) MOTION for filed by Plaintiff Larry Klayman (Attachments: # 1 (p.25) Exhibit Consent to Plaintiff's Request for Extension, # 2 (p.146) Exhibit Request for Extension)(Randazza, Marc) (Entered: 09/09/2020) |
| 09/09/2020 | 64 (p.1194) | Consent MOTION for Extension of Time to File Response/Reply as to 57 (p.1028) Motion to Dismiss for Failure to State a Claim , 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs*, 56 (p.1016) MOTION for Sanctions *Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11*, 58 (p.1101) Motion to Dismiss for Failure to State a Claim , 59 (p.1156) Motion to Dismiss for Failure to State a Claim *against Larry Klayman* by Jerome Corsi. (Attachments: # 1 (p.25) Proposed Order)(Biswas, Sanjay) (Entered: 09/09/2020) |
| 09/11/2020 | 65 (p.1197) | ORDER GRANTING 60 (p.1183) Motion for Extension of Time to File Response to Motions to Dismiss. Signed by Judge Lee Yeakel. (td) (Entered: 09/11/2020) |
| 09/11/2020 | 66 (p.1198) | ORDER GRANTING 64 (p.1194) Motion for Extension of Time to File Responses to Motions to Dismiss. Signed by Judge Lee Yeakel. (td) (Entered: 09/11/2020) |
| 09/16/2020 | 67 (p.1199) | MOTION to Appear Pro Hac Vice by Marc J. Randazza *For Robert Buschel* ( Filing fee $ 100 receipt number 0542-13972969) by on behalf of Roger Stone. (Randazza, Marc) (Entered: 09/16/2020) |
| 09/16/2020 | 68 (p.1204) | ORDER GRANTING 67 (p.1199) Motion by Robert Buschel to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (td) (Entered: 09/16/2020) |
| 09/16/2020 | 69 (p.1205) | NOTICE of Attorney Appearance by Robert C. Buschel on behalf of Roger Stone (Buschel, Robert) (Entered: 09/16/2020) |
| 09/16/2020 | 70 (p.1206) | MOTION to Dismiss for Lack of Jurisdiction , Motion to Dismiss for Failure to State a Claim by Roger Stone. (Attachments: # 1 (p.25) Exhibit Mueller report (section), # 2 (p.146) Exhibit Tweets and retweets from Corsi, # 3 (p.158) Exhibit Judicial Watch counterclaim verdict)(Buschel, Robert) (Entered: 09/16/2020) |
| 09/30/2020 | 71 (p.1269) | Consent MOTION for Extension of Time to File Response/Reply as to 70 (p.1206) MOTION to Dismiss for |

| | | |
|---|---|---|
| | | Lack of Jurisdiction Motion to Dismiss for Failure to State a Claim by Jerome Corsi. (Attachments: # 1 (p.25) Proposed Order)(Biswas, Sanjay) (Entered: 09/30/2020) |
| 09/30/2020 | 72 (p.1272) | MOTION for Extension of Time to File Response/Reply as to 70 (p.1206) MOTION to Dismiss for Lack of Jurisdiction Motion to Dismiss for Failure to State a Claim by Larry Klayman. (Attachments: # 1 (p.25) Proposed Order)(Biswas, Sanjay) (Entered: 09/30/2020) |
| 09/30/2020 | 73 (p.1275) | Response in Opposition to Motion, filed by Larry Klayman, re 57 (p.1028) Motion to Dismiss for Failure to State a Claim filed by Defendant David Jones, 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs* filed by Defendant Owen Shroyer, 56 (p.1016) MOTION for Sanctions *Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11* filed by Defendant Owen Shroyer, 59 (p.1156) Motion to Dismiss for Failure to State a Claim *against Larry Klayman* filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones (Biswas, Sanjay) (Entered: 09/30/2020) |
| 09/30/2020 | 74 (p.1341) | Response in Opposition to Motion, filed by Jerome Corsi, re 57 (p.1028) Motion to Dismiss for Failure to State a Claim filed by Defendant David Jones, 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs* filed by Defendant Owen Shroyer, 56 (p.1016) MOTION for Sanctions *Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11* filed by Defendant Owen Shroyer, 58 (p.1101) Motion to Dismiss for Failure to State a Claim filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones (Biswas, Sanjay) (Entered: 09/30/2020) |
| 10/01/2020 | 75 (p.1380) | ORDER GRANTING 71 (p.1269) Motion for Extension of Time to File Response to Motion to Dismiss. Signed by Judge Lee Yeakel. (td) Modified on 10/2/2020 (td). (Entered: 10/02/2020) |
| 10/01/2020 | 76 (p.1381) | ORDER GRANTING 72 (p.1272) Motion for Extension of Time to File Response to Motion to Dismiss. Signed by Judge Lee Yeakel. (td) (Entered: 10/02/2020) |
| 10/05/2020 | 77 (p.1382) | Consent MOTION for Extension of Time to File Response/Reply as to 57 (p.1028) Motion to Dismiss for Failure to State a Claim by David Jones. (Attachments: # 1 (p.25) Proposed Order)(Wachen, David) (Entered: 10/05/2020) |
| 10/06/2020 | 78 (p.1386) | ORDER GRANTING 77 (p.1382) Motion for Extension of Time to File Reply Brief. Signed by Judge Lee Yeakel. (td) (Entered: 10/06/2020) |
| 10/07/2020 | 79 (p.1387) | Response in Opposition to Motion, filed by Jerome Corsi, Larry Klayman, re 70 (p.1206) MOTION to Dismiss for Lack of Jurisdiction Motion to Dismiss for Failure to State a Claim |

| Date | Doc. | Description |
|---|---|---|
| | | filed by Defendant Roger Stone (Biswas, Sanjay) (Entered: 10/07/2020) |
| 10/08/2020 | 80 (p.1469) | REPLY to Response to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, re 58 (p.1101) Motion to Dismiss for Failure to State a Claim filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones (Attachments: # 1 (p.25) Exhibit 1 - Corsi SJ Order)(Randazza, Marc) (Entered: 10/08/2020) |
| 10/08/2020 | 81 (p.1485) | REPLY to Response to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, re 59 (p.1156) Motion to Dismiss for Failure to State a Claim *against Larry Klayman* filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones (Attachments: # 1 (p.25) Exhibit 1 - Corsi SJ Order)(Randazza, Marc) (Entered: 10/08/2020) |
| 10/08/2020 | 82 (p.1501) | REPLY to Response to Motion, filed by Owen Shroyer, re 55 (p.896) Motion to Dismiss for Failure to State a Claim *and for Attorney's Fees and Costs* filed by Defendant Owen Shroyer, 56 (p.1016) MOTION for Sanctions *Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11* filed by Defendant Owen Shroyer (Randazza, Marc) (Entered: 10/08/2020) |
| 10/13/2020 | 83 (p.1510) | REPLY to Response to Motion, filed by Roger Stone, re 70 (p.1206) MOTION to Dismiss for Lack of Jurisdiction Motion to Dismiss for Failure to State a Claim filed by Defendant Roger Stone (Buschel, Robert) (Entered: 10/13/2020) |
| 10/13/2020 | 84 (p.1524) | MOTION for Sanctions by Roger Stone. (Attachments: # 1 (p.25) Proposed Order)(Buschel, Robert) (Entered: 10/13/2020) |
| 10/13/2020 | 85 (p.1535) | NOTICE *of filing exhibit* by Roger Stone re 83 (p.1510) Reply to Response to Motion (Buschel, Robert) (Entered: 10/13/2020) |
| 10/14/2020 | 86 (p.1574) | REPLY to Response to Motion, filed by David Jones, re 57 (p.1028) Motion to Dismiss for Failure to State a Claim filed by Defendant David Jones (Attachments: # 1 (p.25) Exhibit Exhibit 1 (S.D. Fla. Docket Report))(Wachen, David) (Entered: 10/14/2020) |
| 10/27/2020 | 87 (p.1586) | Response in Opposition to Motion, filed by Jerome Corsi, Larry Klayman, re 84 (p.1524) MOTION for Sanctions filed by Defendant Roger Stone (Biswas, Sanjay) (Entered: 10/27/2020) |
| 10/29/2020 | 88 (p.1647) | ORDER REFERRING CASE to Magistrate Judge Andrew W. Austin. Signed by Judge Lee Yeakel. Referral Magistrate Judge: Andrew W. Austin. (td) (Entered: 10/29/2020) |
| 11/03/2020 | 89 (p.1648) | REPLY to Response to Motion, filed by Roger Stone, re 84 (p.1524) MOTION for Sanctions filed by Defendant Roger Stone (Buschel, Robert) (Entered: 11/03/2020) |
| 12/01/2020 | 90 (p.1655) | WITNESS/EXHIBIT/EXPERT LIST by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, David Jones, Owen |

| | | |
|---|---|---|
| | | Shroyer, Roger Stone . (Randazza, Marc) (Entered: 12/01/2020) |
| 12/01/2020 | 91 (p.1660) | WITNESS/EXHIBIT/EXPERT LIST by Jerome Corsi, Larry Klayman . (Biswas, Sanjay) (Entered: 12/01/2020) |
| 02/12/2021 | 92 (p.1667) | NOTICE *of Taking Deposition of Alex Jones, David Jones, and Owen Shroyer* by Jerome Corsi, Larry Klayman (Attachments: # 1 (p.25) Exhibit, # 2 (p.146) Exhibit)(Biswas, Sanjay) (Entered: 02/12/2021) |
| 02/12/2021 | | Notice of Correction: re 92 (p.1667) Notice (Other). Initial disclosures under Rule 26(a)(1) or (2) and discovery requests, notices, or responses should not be filed unless on specific order of the court, or when they are in support of a motion or for use in trial and then attached to the appropriate filing. Please take note for future filing purposes (lt) (Entered: 02/12/2021) |
| 02/16/2021 | 93 (p.1673) | MOTION to Stay *discovery*, MOTION to Quash *deposition notices of certain defendants*, MOTION for Protective Order by Roger Stone. (Attachments: # 1 (p.25) Exhibit Freedom Watch press release post Stone deposition, # 2 (p.146) Proposed Order). Motions referred to Judge Andrew W. Austin. (Buschel, Robert) (Entered: 02/16/2021) |
| 02/17/2021 | 94 (p.1685) | Opposed MOTION for Protective Order by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Proposed Order). Motions referred to Judge Andrew W. Austin. (Randazza, Marc) (Entered: 02/17/2021) |
| 02/17/2021 | 95 (p.1693) | Opposed MOTION to Stay *Discovery*, Opposed MOTION for Protective Order by David Jones. (Attachments: # 1 (p.25) Proposed Order). Motions referred to Judge Andrew W. Austin. (Wachen, David) (Entered: 02/17/2021) |
| 02/23/2021 | 96 (p.1702) | ORDER GRANTING IN PART Defendants' Motions 93 (p.1673) , 94 (p.1685) , 95 (p.1693) and QUASHING the depositions set for February 24, 25, and 26. ORDER that the parties appear on Tuesday, March 23, 2021, at 3:00 p.m. for a hearing on the motions to stay discovery in this case. ORDER that no further discovery shall take place in this matter until the hearing on March 23, 2021. Signed by Judge Andrew W. Austin. (lt) (Entered: 02/23/2021) |
| 02/23/2021 | | Hearing on motions to stay discovery set for 3/23/2021 at 03:00 PM before Judge Andrew W. Austin. (lt) (Entered: 02/23/2021) |
| 03/22/2021 | 97 (p.1704) | Response in Opposition to Motion, filed by Jerome Corsi, Larry Klayman, re 95 (p.1693) Opposed MOTION to Stay *Discovery*Opposed MOTION for Protective Order filed by Defendant David Jones, 93 (p.1673) MOTION to Stay *discovery* MOTION to Quash *deposition notices of certain defendants* MOTION for Protective Order filed by Defendant Roger Stone, 94 (p.1685) Opposed MOTION for Protective |

| | | Order filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones, Defendant Owen Shroyer (Attachments: # 1 (p.25) Exhibit)(Biswas, Sanjay) (Entered: 03/22/2021) |
|---|---|---|
| 03/23/2021 | 98 | Minute Entry for proceedings held before Judge Andrew W. Austin: Motion Hearing held on 3/23/2021 re 93 (p.1673) , 95 (p.1693) Motions to Stay Discovery. Written Order forthcoming. (Minute entry documents are not available electronically.). (Court Reporter Zoom.)(lt) (Entered: 03/23/2021) |
| 03/24/2021 | 99 (p.1710) | NOTICE *of Pending Filing* by Jerome Corsi, Larry Klayman (Biswas, Sanjay) (Entered: 03/24/2021) |
| 03/26/2021 | 100 (p.1713) | ORDER GRANTING 93 (p.1673) Motion to Stay Discovery, to Quash Plaintiffs' Deposition Notices and for Protective Order and 95 (p.1693) Opposed Motion to Stay Discovery and for Protective Order and ORDERING that discovery is STAYED pending the resolution of the motions to dismiss or further order of the Court. Signed by Judge Andrew W. Austin. (lt) (Entered: 03/26/2021) |
| 04/13/2021 | 101 (p.1715) | MOTION *TO HAVE PRESIDING JUDGE DECIDE OUTSTANDING MOTIONS TO DISMISS* by Jerome Corsi, Larry Klayman.. Motions referred to Judge Andrew W. Austin. (Biswas, Sanjay) (Entered: 04/13/2021) |
| 04/15/2021 | 102 (p.4373) | Transcript filed of Proceedings held on Marchd 23, 2021, Proceedings Transcribed: Motions Hearing. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 5/6/2021, Redacted Transcript Deadline set for 5/17/2021, Release of Transcript Restriction set for 7/14/2021, (alr) (Entered: 04/15/2021) |
| 04/15/2021 | 103 (p.1830) | Response in Opposition to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer, re 101 (p.1715) MOTION *TO HAVE PRESIDING JUDGE DECIDE OUTSTANDING MOTIONS TO DISMISS* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Randazza, Marc) (Entered: 04/15/2021) |
| 04/15/2021 | 104 (p.1833) | Response in Opposition to Motion, filed by David Jones, re 101 (p.1715) MOTION *TO HAVE PRESIDING JUDGE DECIDE OUTSTANDING MOTIONS TO DISMISS* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) |

| | | Proposed Order)(Wachen, David) (Entered: 04/15/2021) |
|---|---|---|
| 04/15/2021 | 105 (p.1840) | Response in Opposition to Motion, filed by Roger Stone, re 101 (p.1715) MOTION *TO HAVE PRESIDING JUDGE DECIDE OUTSTANDING MOTIONS TO DISMISS* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Proposed Order)(Buschel, Robert) (Entered: 04/15/2021) |
| 04/19/2021 | 106 (p.1849) | REPLY to Response to Motion, filed by Jerome Corsi, Larry Klayman, re 101 (p.1715) MOTION *TO HAVE PRESIDING JUDGE DECIDE OUTSTANDING MOTIONS TO DISMISS* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Exhibit, # 2 (p.146) Exhibit, # 3 (p.158) Exhibit)(Biswas, Sanjay) (Entered: 04/19/2021) |
| 04/26/2021 | 107 (p.1993) | ORDER DENYING Plaintiffs' 101 (p.1715) Motion to Have Presiding Judge Decide Outstanding Motions to Dismiss. Signed by Judge Lee Yeakel. (lt) (Entered: 04/26/2021) |
| 05/25/2021 | 108 (p.1995) | REPORT AND RECOMMENDATION of the United States Magistrate Judge re 55 (p.896) Motion to Dismiss for Failure to State a Claim filed by Owen Shroyer, 57 (p.1028) Motion to Dismiss for Failure to State a Claim filed by David Jones, 58 (p.1101) Motion to Dismiss for Failure to State a Claim filed by Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, 59 (p.1156) Motion to Dismiss for Failure to State a Claim filed by Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, 70 (p.1206) Motion to Dismiss/Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim, filed by Roger Stone, and 56 (p.1016) Motion for Sanctions filed by Owen Shroyer, 84 (p.1524) Motion for Sanctions filed by Roger Stone. Signed by Judge Andrew W. Austin. (lt) (Entered: 05/25/2021) |
| 05/27/2021 | 109 (p.2014) | MOTION to Vacate 108 (p.1995) Report and Recommendations,, by Jerome Corsi, Larry Klayman.. Motions referred to Judge Andrew W. Austin. (Biswas, Sanjay) (Entered: 05/27/2021) |
| 06/03/2021 | 110 (p.2374) | Consent MOTION for Extension of Time to File Response/Reply as to 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendations,, by David Jones. (Attachments: # 1 (p.25) Proposed Order). Motions referred to Judge Andrew W. Austin. (Wachen, David) (Entered: 06/03/2021) |
| 06/03/2021 | 111 (p.2379) | Response in Opposition to Motion, filed by Roger Stone, re 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendations,, filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Buschel, Robert) (Entered: 06/03/2021) |
| 06/03/2021 | 112 (p.2387) | REPLY to Response to Motion, filed by Jerome Corsi, Larry Klayman, re 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendations,, filed by Plaintiff Larry |

| | | |
|---|---|---|
| | | Klayman, Plaintiff Jerome Corsi (Biswas, Sanjay) (Entered: 06/03/2021) |
| 06/03/2021 | 113 (p.2389) | Response in Opposition to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer, re 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendations,, filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Exhibit A)(Reeves, Bradley) (Entered: 06/03/2021) |
| 06/07/2021 | 114 (p.2401) | REPLY to Response to Motion, filed by Jerome Corsi, Larry Klayman, re 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendations,, filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi *Response Filed By Infowars Defendants* (Biswas, Sanjay) (Entered: 06/07/2021) |
| 06/08/2021 | 115 (p.2404) | OBJECTION to 108 (p.1995) Report and Recommendations by Jerome Corsi, Larry Klayman.. (Biswas, Sanjay) (Entered: 06/08/2021) |
| 06/10/2021 | 116 (p.2469) | RESPONSE to Motion, filed by David Jones, re 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendations,, filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Proposed Order)(Wachen, David) (Entered: 06/10/2021) |
| 06/15/2021 | 117 (p.2481) | RESPONSE to 115 (p.2404) Objection to Report and Recommendations by Roger Stone. (Buschel, Robert) (Entered: 06/15/2021) |
| 06/21/2021 | 118 (p.2488) | RESPONSE to 115 (p.2404) Objection to Report and Recommendations by David Jones. (Attachments: # 1 (p.25) Proposed Order)(Wachen, David) (Entered: 06/21/2021) |
| 06/22/2021 | 119 (p.2502) | RESPONSE to 115 (p.2404) Objection to Report and Recommendations by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Exhibit Randazza Correspondence to Klayman)(Randazza, Marc) (Entered: 06/22/2021) |
| 06/22/2021 | 120 (p.2520) | RESPONSE *Reply to Defendant Stone's Response to Objections to Report and Recommendation* to 117 (p.2481) Response by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 06/22/2021) |
| 06/24/2021 | 121 (p.2529) | RESPONSE *Reply to Defendant David Jones'Response to Objections to Report and Recommendation* to 118 (p.2488) Response by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 06/24/2021) |
| 06/25/2021 | 122 (p.2534) | ORDER DENYING Corsi and Klayman's 109 (p.2014) MOTION to Vacate 108 (p.1995) Report and Recommendation. ORDER ADOPTING 108 (p.1995) Report and Recommendation of the United States Magistrate Judge. ORDER DENYING without prejudice Shroyer and Stone's 56 (p.1016) , 84 (p.1524) Motions for Sanctions. ORDER |

| | | |
|---|---|---|
| | | GRANTING Infowars, David Jones, Shroyer, and Stone's 55 (p.896) , 57 (p.1028) , 58 (p.1101) , 59 (p.1156) , 70 (p.1206) Motions to Dismiss. Signed by Judge Lee Yeakel. (lt) (Entered: 06/25/2021) |
| 06/25/2021 | 123 (p.2539) | FINAL JUDGMENT. ORDER that Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David Jones, Owen Shroyer, and Roger Stone are awarded costs of court. Signed by Judge Lee Yeakel. (lt) (Entered: 06/25/2021) |
| 06/25/2021 | 124 (p.2540) | MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* by Jerome Corsi, Larry Klayman.. Motions referred to Judge Andrew W. Austin. (Biswas, Sanjay) (Entered: 06/25/2021) |
| 06/25/2021 | | CASE NO LONGER REFERRED to Magistrate Judge Andrew W. Austin. (lt) (Entered: 06/28/2021) |
| 06/28/2021 | 125 (p.2560) | DEFICIENCY NOTICE: re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* (dm) (Entered: 06/28/2021) |
| 06/28/2021 | 126 (p.2561) | RESPONSE *Reply to the Infowars Defendants' Response to Objections to Report and Recommendation* to 119 (p.2502) Response by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 06/28/2021) |
| 06/28/2021 | 127 (p.2581) | Response in Opposition to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer, re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Randazza, Marc) (Entered: 06/28/2021) |
| 06/28/2021 | 128 (p.2587) | REPLY to Response to Motion, filed by Jerome Corsi, Larry Klayman, re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Exhibit, # 2 (p.146) Exhibit)(Biswas, Sanjay) (Entered: 06/28/2021) |
| 07/01/2021 | 129 (p.2624) | Response in Opposition to Motion, filed by David Jones, re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) |

| | | Proposed Order)(Wachen, David) (Entered: 07/01/2021) |
|---|---|---|
| 07/02/2021 | 130 (p.2633) | Response in Opposition to Motion, filed by Roger Stone, re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Exhibit, # 2 (p.146) Exhibit, # 3 (p.158) Proposed Order)(Buschel, Robert) (Entered: 07/02/2021) |
| 07/08/2021 | 131 (p.2654) | NOTICE *of Request for Hearing* by Jerome Corsi, Larry Klayman (Biswas, Sanjay) (Entered: 07/08/2021) |
| 07/08/2021 | 132 (p.2656) | MOTION for Extension of Time to File *Claim for Attorneys' Fees* by David Jones. (Attachments: # 1 (p.25) Proposed Order)(Wachen, David) (Entered: 07/08/2021) |
| 07/08/2021 | 133 (p.2661) | ADVISORY TO THE COURT by David Jones *re Plaintiffs' Consent to His M/E/T to File Claim for Attorneys' Fees*. (Sapire, Gregory) (Entered: 07/08/2021) |
| 07/09/2021 | 134 (p.2664) | Amended MOTION for Sanctions by Roger Stone. (Attachments: # 1 (p.25) Exhibit Order from N.D. Texas, # 2 (p.146) Exhibit safe harbor letter, # 3 (p.158) Exhibit D.C. Bar charges, # 4 (p.159) Affidavit Buschel fee declaration, # 5 (p.162) Affidavit Expert witness declaration re: fees, # 6 (p.165) Exhibit correspondence meet and confer)(Buschel, Robert) (Entered: 07/09/2021) |
| 07/09/2021 | 135 (p.2724) | AFFIDAVIT in Support of 134 (p.2664) Amended MOTION for Sanctions *Exhibit 4 fee declaration signed* by Roger Stone. (Buschel, Robert) (Entered: 07/09/2021) |
| 07/09/2021 | 136 (p.2738) | MOTION for Attorney Fees *and Sanctions* by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer. (Attachments: # 1 (p.25) Exhibit 1 - Klayman Response to Notice of Supp Authority - FL, # 2 (p.146) Exhibit 2 - Randazza Fees, # 3 (p.158) Exhibit 3 - Reeves Invoices, # 4 (p.159) Exhibit 4 - Randazza Declaration, # 5 (p.162) Exhibit 5 - Reeves Declaration, # 6 (p.165) Exhibit 6 - NV Assembly Committee Minutes, # 7 (p.195) Exhibit 7- NV Assembly Committee Minutes, # 8 (p.307) Exhibit 8 - Randazza NV Anti-SLAPP Article, # 9 (p.309) Exhibit 9 - Randazza NV Anti-SLAPP Law Update, # 10 (p.311) Exhibit 10 - Randazza Curriculum Vitae, # 11 (p.393) Exhibit 11 - Laffey Matrix, # 12 (p.407) Exhibit 12 - Cheng Order, # 13 (p.471) Exhibit 13 - Roeben Order, # 14 (p.473) Exhibit 14 - Brill Order, # 15 (p.476) Exhibit 15 - Boling Order, # 16 (p.479) Exhibit 16 - Houston Chronicle Article)(Randazza, Marc) (Entered: 07/09/2021) |
| 07/09/2021 | 137 (p.2968) | MOTION for Sanctions *Against Dr. Jerome Corsi* by Owen Shroyer. (Randazza, Marc) (Entered: 07/09/2021) |
| 07/09/2021 | 138 (p.2981) | |

| | | |
|---|---|---|
| | | ORDER GRANTING David Jones's 132 (p.2656) Motion for Extension of Time to File Claim for Attorneys' Fees. Signed by Judge Lee Yeakel. (lt) (Entered: 07/09/2021) |
| 07/19/2021 | 139 (p.2982) | Consent MOTION for Extension of Time to File Response/Reply as to 134 (p.2664) Amended MOTION for Sanctions , 137 (p.2968) MOTION for Sanctions *Against Dr. Jerome Corsi*, 136 (p.2738) MOTION for Attorney Fees *and Sanctions* by Jerome Corsi, Larry Klayman. (Attachments: # 1 (p.25) Exhibit)(Biswas, Sanjay) (Entered: 07/19/2021) |
| 07/20/2021 | 140 (p.3004) | DEFICIENCY NOTICE: re 139 (p.2982) Consent MOTION for Extension of Time to File Response/Reply as to 134 (p.2664) Amended MOTION for Sanctions , 137 (p.2968) MOTION for Sanctions *Against Dr. Jerome Corsi*, 136 (p.2738) MOTION for Attorney Fees *and Sanctions* (lt) (Entered: 07/20/2021) |
| 07/20/2021 | 141 (p.3005) | ATTACHMENT *Proposed Order* to 139 (p.2982) Consent MOTION for Extension of Time to File Response/Reply as to 134 (p.2664) Amended MOTION for Sanctions , 137 (p.2968) MOTION for Sanctions *Against Dr. Jerome Corsi*, 136 (p.2738) MOTION for Attorney Fees *and Sanctions* by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 07/20/2021) |
| 07/21/2021 | 142 (p.3006) | ORDER GRANTING Plaintiffs' 139 (p.2982) Motion for Extension of Time. Signed by Judge Lee Yeakel. (lt) (Entered: 07/21/2021) |
| 07/23/2021 | 143 (p.3007) | NOTICE *of Supplement* by Jerome Corsi, Larry Klayman re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting/Rejecting Report and Recommendations,, Terminate Motions, 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* (Biswas, Sanjay) (Entered: 07/23/2021) |
| 08/02/2021 | 144 (p.3010) | Response in Opposition to Motion, filed by Jerome Corsi, Larry Klayman, re 134 (p.2664) Amended MOTION for Sanctions filed by Defendant Roger Stone (Biswas, Sanjay) (Entered: 08/02/2021) |
| 08/02/2021 | 145 (p.3074) | Response in Opposition to Motion, filed by Jerome Corsi, Larry Klayman, re 137 (p.2968) MOTION for Sanctions *Against Dr. Jerome Corsi* filed by Defendant Owen Shroyer, 136 (p.2738) MOTION for Attorney Fees *and Sanctions* filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones, Defendant Owen Shroyer (Biswas, Sanjay) (Entered: 08/02/2021) |
| 08/02/2021 | 146 (p.3148) | MOTION to Stay , MOTION for Hearing by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 08/02/2021) |
| 08/05/2021 | 147 (p.3150) | MOTION for Leave to File Second Amended Complaint *and Second Supplement to Plaintiffs' Motion for Reconsideration and Reply to the Infowars Defendants' Response to Objections to Report and Recommendation of Magistrate Andrew W.* |

| | | |
|---|---|---|
| | | *Austin* by Jerome Corsi, Larry Klayman. (Biswas, Sanjay) (Entered: 08/05/2021) |
| 08/06/2021 | 148 (p.3257) | REPLY to Response to Motion, filed by Roger Stone, re 147 (p.3150) MOTION for Leave to File Second Amended Complaint *and Second Supplement to Plaintiffs' Motion for Reconsideration and Reply to the Infowars Defendants' Response to Objections to Report and Recommendation of Magistrate Andrew W. Austin* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi, 134 (p.2664) Amended MOTION for Sanctions filed by Defendant Roger Stone (Attachments: # 1 (p.25) Supplement Klayman v. Judicial Watch July 30, 2021)(Buschel, Robert) (Entered: 08/06/2021) |
| 08/06/2021 | 149 (p.3285) | REPLY to Response to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer, re 136 (p.2738) MOTION for Attorney Fees *and Sanctions* filed by Defendant Infowars, LLC, Defendant Free Speech Systems, LLC, Defendant Alex E. Jones, Defendant Owen Shroyer (Randazza, Marc) (Entered: 08/06/2021) |
| 08/11/2021 | 150 (p.3296) | REPLY to Response to Motion, filed by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, Owen Shroyer, re 137 (p.2968) MOTION for Sanctions *Against Dr. Jerome Corsi* filed by Defendant Owen Shroyer (Randazza, Marc) (Entered: 08/11/2021) |
| 08/11/2021 | 151 (p.3300) | Response in Opposition to Motion, filed by David Jones, re 147 (p.3150) MOTION for Leave to File Second Amended Complaint *and Second Supplement to Plaintiffs' Motion for Reconsideration and Reply to the Infowars Defendants' Response to Objections to Report and Recommendation of Magistrate Andrew W. Austin* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Attachments: # 1 (p.25) Proposed Order)(Wachen, David) (Entered: 08/11/2021) |
| 08/13/2021 | 152 (p.3308) | REPLY to Response to Motion, filed by Jerome Corsi, Larry Klayman, re 124 (p.2540) MOTION for Reconsideration re 122 (p.2534) Order Adopting Report and Recommendations 123 (p.2539) Judgment *and Reply to Infowars Defendants' Response to Objections* filed by Plaintiff Larry Klayman, Plaintiff Jerome Corsi (Biswas, Sanjay) Modified on 8/16/2021 (lt). (Entered: 08/13/2021) |
| 08/18/2021 | 153 (p.3318) | ORDER REFERRING all pending and future nondispositive motions to Magistrate Judge Dustin Howell for resolution. ORDER REFERRING all pending and future dispositive motions to Magistrate Judge Dustin Howell for Report and Recommendation. Signed by Judge Lee Yeakel. Referral Magistrate Judge: Dustin M. Howell. (lt) (Entered: 08/18/2021) |
| 09/10/2021 | 154 (p.3319) | MOTION for Hearing by Jerome Corsi, Larry Klayman.. Motions referred to Judge Dustin M. Howell. (Biswas, Sanjay) (Entered: 09/10/2021) |

| 09/16/2021 | 155 (p.3321) | ORDER DENYING Plaintiffs' 124 (p.2540) Motion for Reconsideration. Signed by Judge Lee Yeakel. (lt) (Entered: 09/16/2021) |
|---|---|---|
| 09/16/2021 | 156 (p.3323) | MOTION *for Clarification* re 155 (p.3321) Order on Motion for Reconsideration by Jerome Corsi, Larry Klayman. (Attachments: # 1 (p.25) Exhibit). Motions referred to Judge Dustin M. Howell. (Biswas, Sanjay) (Entered: 09/16/2021) |
| 09/17/2021 | 157 (p.3327) | SUPPLEMENT to 156 (p.3323) MOTION *for Clarification* re 155 (p.3321) Order on Motion for Reconsideration by Jerome Corsi, Larry Klayman. (Attachments: # 1 (p.25) Exhibit Exhibit 1)(Biswas, Sanjay) (Entered: 09/17/2021) |
| 09/27/2021 | 158 (p.3436) | MOTION for Attorney Fees *and Sanctions* by David Jones. (Attachments: # 1 (p.25) Exhibit 1 - Judge Altman Order, # 2 (p.146) Exhibit 2 - Wachen Declaration, # 3 (p.158) Exhibit 3 - Sapire Declaration, # 4 (p.159) Proposed Order). Motions referred to Judge Dustin M. Howell. (Wachen, David) (Entered: 09/27/2021) |
| 09/30/2021 | 159 (p.3542) | MOTION for Hearing *Renewed* by Jerome Corsi, Larry Klayman.. Motions referred to Judge Dustin M. Howell. (Biswas, Sanjay) (Entered: 09/30/2021) |
| 10/01/2021 | 160 (p.3544) | NOTICE *of Supplement* by Jerome Corsi, Larry Klayman re 159 (p.3542) MOTION for Hearing *Renewed* (Attachments: # 1 (p.25) Exhibit)(Biswas, Sanjay) (Entered: 10/01/2021) |
| 10/11/2021 | 161 (p.3551) | Consent MOTION for Extension of Time to File Response/Reply as to 158 (p.3436) MOTION for Attorney Fees *and Sanctions* by Jerome Corsi, Larry Klayman. (Attachments: # 1 (p.25) Proposed Order). Motions referred to Judge Dustin M. Howell. (Biswas, Sanjay) (Entered: 10/11/2021) |
| 10/12/2021 | | Text Order GRANTING 161 (p.3551) Consent Motion for Extension of Time to File Response/Reply entered by Judge Dustin M. Howell. Plaintiffs Jerome Corsi and Larry Klayman shall respond to Defendant David Jones' Motion for Attorneys' Fees, Dkt. 158, on or before October 22, 2021. (This is a text-only entry generated by the court. There is no document associated with this entry.) (fw) (Entered: 10/12/2021) |
| 10/12/2021 | 162 (p.3554) | ORDER GRANTING 156 (p.3323) Plaintiffs' Motion for Clarification to the extent of the court's clarification and DENYING in all other respects. ORDER DISMISSING Plaintiffs' 146 (p.3148) Motion to Stay, 147 (p.3150) Motion for Leave to File Second Amended Complaint, 154 (p.3319) Motion for Hearing, and 159 (p.3542) Renewed Request for Expeditious Hearing. Signed by Judge Lee Yeakel. (lt) (Entered: 10/12/2021) |
| 10/12/2021 | 163 (p.3558) | Appeal of Final Judgment 155 (p.3321) , 122 (p.2534) , 162 (p.3554) , 123 (p.2539) by Jerome Corsi, Larry Klayman. ( Filing fee $ 505 receipt number 0542-15323096) (Attachments: # 1 (p.25) Exhibit, # 2 (p.146) Exhibit)(Biswas, Sanjay) |

| | | (Entered: 10/12/2021) |
|---|---|---|
| 10/12/2021 | | NOTICE OF APPEAL following <u>163 (p.3558)</u> Notice of Appeal (E-Filed) by Jerome Corsi, Larry Klayman. Filing fee $ 505, receipt number 0542-15323096. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a <u>(Transcript Order)</u> and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (lt) (Entered: 10/12/2021) |
| 10/21/2021 | <u>164 (p.3569)</u> | NOTICE *of Supplement* by Jerome Corsi, Larry Klayman re <u>144 (p.3010)</u> Response in Opposition to Motion, <u>145 (p.3074)</u> Response in Opposition to Motion, (Attachments: # <u>1 (p.25)</u> Exhibit, # <u>2 (p.146)</u> Exhibit, # <u>3 (p.158)</u> Exhibit)(Biswas, Sanjay) (Entered: 10/21/2021) |
| 10/22/2021 | <u>165 (p.3626)</u> | Response in Opposition to Motion, filed by Jerome Corsi, Larry Klayman, re <u>158 (p.3436)</u> MOTION for Attorney Fees *and Sanctions* filed by Defendant David Jones (Attachments: # <u>1 (p.25)</u> Exhibit Exhibit 1, # <u>2 (p.146)</u> Exhibit Exhibit 2)(Biswas, Sanjay) (Entered: 10/22/2021) |
| 10/22/2021 | <u>166 (p.3942)</u> | RESPONSE *Opposition to Supplement to Cross Motion for Fees* to <u>164 (p.3569)</u> Notice (Other) by Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, David Jones, Owen Shroyer. (Randazza, Marc) (Entered: 10/22/2021) |
| 10/26/2021 | <u>167 (p.3945)</u> | NOTICE of Filing Reply *to the Infowars Defendants' Response to Supplement* by Jerome Corsi, Larry Klayman (Attachments: # <u>1 (p.25)</u> Exhibit)(Biswas, Sanjay) (Entered: 10/26/2021) |
| 10/27/2021 | <u>168 (p.3995)</u> | MOTION for Extension of Time to File Response/Reply as to <u>158 (p.3436)</u> MOTION for Attorney Fees *and Sanctions* by David Jones. (Attachments: # <u>1 (p.25)</u> Exhibit 1 - Emails, # <u>2 (p.146)</u> Exhibit 2 - Emails, # <u>3 (p.158)</u> Exhibit 3 - Emails, # <u>4 (p.159)</u> Proposed Order). Motions referred to Judge Dustin M. Howell. (Wachen, David) (Entered: 10/27/2021) |
| 11/08/2021 | <u>169 (p.4032)</u> | REPLY to Response to Motion, filed by David Jones, re <u>158 (p.3436)</u> MOTION for Attorney Fees *and Sanctions* filed by Defendant David Jones *and Response to Plaintiffs' "Cross-Motion" for Fees and Expenses* (Attachments: # <u>1 (p.25)</u> Proposed Order)(Wachen, David) (Entered: 11/08/2021) |
| 11/16/2021 | <u>170 (p.4045)</u> | Sur-reply to Motion, filed by Jerome Corsi, Larry Klayman, re <u>158 (p.3436)</u> MOTION for Attorney Fees *and Sanctions* filed by Defendant David Jones (Attachments: # <u>1 (p.25)</u> Exhibit Exhibit 1, # <u>2 (p.146)</u> Exhibit Exhibit 2, # <u>3 (p.158)</u> Exhibit Exhibit 3)(Biswas, Sanjay) (Entered: 11/16/2021) |

TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. JEROME CORSI and | § | |
| LARRY KLAYMAN | § | |
| | § | |
| v. | § | A-20-CV-298-LY |
| | § | |
| INFOWARS, LLC, FREE SPEECH | § | |
| SYSTEMS, LLC, ALEX E. JONES, | § | |
| DAVID JONES, OWEN SHROYER, | § | |
| AND ROGER STONE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Owen Shroyer's Motion to Dismiss (Dkt. No. 55); Shroyer's

Motion for Sanctions (Dkt. No. 56); David Jones' Motion to Dismiss (Dkt. No. 57); Defendants

Infowars, LLC, Free Speech Systems, LLC, and Alex E. Jones' Motions to Dismiss (Dkt. Nos. 58

and 59); Roger Stone's Motion to Dismiss (Dkt. No. 70); Stone's Motion for Sanctions (Dkt. No.

84); and the related response and reply briefs.  The District Court referred these Motions to the

undersigned for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of

Appendix C of the Local Rules.

## I.  FACTUAL BACKGROUND

This is a defamation case.  On March 7, 2019, Plaintiffs Dr. Jerome Corsi and Larry Klayman

filed the instant suit against Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones,

David Jones, and Owen Shroyer, alleging claims for defamation, intentional infliction of emotional

distress, assault, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).  Dkt.

21-50964.1995

No. 1.[1]  The suit was originally filed in the District of Columbia and after a finding of improper venue, was transferred to the Western District of Texas on March 20, 2020.  Dkt. No. 22.  On July 29, 2020, Plaintiffs filed their Amended Complaint, adding Roger Stone as a defendant.  Dkt. No. 47.

Plaintiff's Amended Complaint describes Jerome Corsi as an "author and political commentator," and Larry Klayman as a "public interest legal advocate" and "media personality and author, columnist and syndicated radio talk show host."  Dkt. No. 47 at ¶¶ 3-4.  Defendant Alex Jones is a "media personality" who owns the media outlet company InfoWars, LLC, and a related entity Free Speech Systems, LLC.  *Id.* at ¶¶ 7, 11.  David Jones is Alex Jones' father, and allegedly a co-owner of InfoWars and Free Speech Systems, though Defendants deny this assertion.  *Id.* at ¶ 11; Dkt. No. 57 at 2, n. 1.  Defendant Owen Shroyer is a newscaster for InfoWars, and a co-host of a political news show along with Defendant Roger Stone, who is also a political commentator and media personality.  Dkt. No. 47 at ¶¶ 9-10, 13.

The Plaintiffs' case revolves around allegedly defamatory statements made by Stone and Alex Jones in several InfoWars videos.  Specifically, Plaintiffs point to InfoWars videos featuring Stone, Alex Jones, and Shroyer from October 2018 and January 2019.  Dkt. No. 47 at ¶¶ 41-69.  They allege that during the shows, Alex Jones falsely stated that Corsi "seemed to be extremely

---

[1] This case is one of several nearly identical suits filed by Corsi and Klayman against Stone and various other defendants in several district courts.  *See Klayman v. Infowars*, Case No. 20-cv-80614 (S.D. Fla. Apr. 8, 2020); *Corsi v. Stone*, Case No. 1:19-cv-00324; *Corsi v. Caputo*, Case No. 1:19-cv-01573-TJK (D.D.C.).  Plaintiffs have also filed similar suits in state courts.  *See Corsi v. Stone*, Case No. 50-2019-CA-013711-MB (15th Jud. Cir., Fla. 2019); *Klayman v. Stone*, Case No. 50-2019-CA-015104-MB (15th Jud. Cir., Fla. 2019); *Klayman v. Stone*, Case No. CACE 19-002672 (17th Jud. Cir., Fla. 2019); *Klayman v. Infowars, Stone*, Case No. CACE-20-007120 (17th Jud. Cir., Fla. filed Apr. 28, 2020); *Corsi v. InfoWars, LLC & Stone*, CACE 20-004473 (17th Jud. Cir., Fla. filed Mar. 11, 2020).

21-50964.1996

mentally degraded to the point of . . . dementia," had a stroke, and does not tell the truth, and that Stone falsely stated that Corsi was fired from a prior job, is an alcoholic, often lies, is willing to perjure himself, and is a "deep state" operative and a "fraud" who seeks to make political conservatives look bad. *Id.* at ¶¶ 42-45, 50-53, 55-56, 90. Plaintiffs further allege that in one of the videos, Stone attacked Klayman's reputation, stating that Klayman "could be the single worst lawyer in America," has "never actually won a courtroom victory in his life," and is an "idiot" and an "egomaniac." *Id.* at ¶¶ 55, 59.

In their Amended Complaint, Plaintiffs acknowledge that the sole speakers of the allegedly defamatory statements at issue are Stone and Alex Jones. Dkt. No. 47 at ¶¶ 37-39. Nonetheless, Plaintiffs contend that Stone has "used and continues to employ surrogates and agents, either out in the open or secretly, to defame Plaintiffs," alleging that the Defendants have "acted in concert" at Stone's direction to defame them. *Id.* at ¶¶ 31-32, 76. Plaintiffs further allege that they are competitors to Defendants "as conservative media personalities, broadcasters, authors and columnists on social media and elsewhere," and that Defendants' actions thus constitute unfair competition in violation of the Lanham Act. *Id.* at ¶¶ 70-74, 104-109. Their Amended Complaint also states causes of action for intentional infliction of emotional distress and assault, alleging that Defendants threatened Plaintiffs, causing them severe emotional distress and has placed them "in apprehension of an imminent harmful or offensive contact and physical harm and death, by coercing and threatening Plaintiffs." *Id.* at ¶¶ 93-103. In five separately filed motions to dismiss, Defendants seek dismissal of Plaintiffs' suit in its entirety. *See* Dkt. Nos. 55, 57, 58, 59, 70.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. FED. R. CIV. P. 12(b)(1). Federal district courts are courts of limited

3

jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## III.  ANALYSIS

### A.    Lanham Act Claims

The Lanham (Trademark) Act, 15 U.S.C. § 1051 et seq., prohibits deceptive trade practices such as false advertising and trademark infringement. Section 1125 provides for civil liability in the case of:

> any person who on or in connection with any goods or services, ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any ... false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the ... sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities[.]

15 U.S.C. § 1125(a)(1)(A) & (B).

5

Plaintiffs argue that because Defendants are their competitors "as conservative media personalities, broadcasters, authors and columnists on social media and elsewhere," that Defendants' allegedly defamatory and misleading statements during the InfoWars videos thus constitute unfair competition in violation of the Act.  Dkt. No. 47 at ¶¶ 104-109.  Defendants argue that Plaintiffs have failed to establish their standing under the Lanham Act.  Dkt. No. 55 at 7; Dkt. No. 57 at 16; Dkt. No. 70 at 4-9.

To establish standing under the Lanham Act, "the Plaintiff's injuries must fall within the 'zone of interests' the statute was intended to protect." *Lexmark Int'l v. Static Control Comps.*, 572 U.S. 118, 130 (2014).  In *Lexmark Int'l*, the Supreme Court explained that a "plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.*  In other words, to proceed with their Lanham Act claim, Plaintiffs must plead an injury to some commercial interest in sales or business reputation that was proximately caused by the Defendants' misrepresentations.

Plaintiffs have not met their burden to establish standing under the Lanham Act.  Specifically, Plaintiffs fail to show that their alleged injuries fall within the zone of interests of the Act.   Here, the Plaintiffs allege that they compete with Defendants as media personalities who derive income from the internet and radio.  Dkt. No. 47 at ¶ 74.  According to Plaintiffs, the Defendants' allegedly defamatory remarks were made to harm their reputations and eliminate them as competition for potential listeners or donors.  Dkt. No. 79 at 6.  However, "[t]he mere fact that the parties may compete in the marketplace of ideas is not sufficient to invoke the Lanham Act." *Farah v. Esquire Magazine*, 736 F.3d 528, 541 (D.C. Cir. 2013).

21-50964.2000

It is well established that Section 1125(a) applies only to commercial speech, which is not at issue here. *Alliance for Good Government v. Coalition for Better Government*, 901 F.3d 498, 506 n.8 (5th Cir. 2018) (noting Section 1125(a) applies only to "commercial advertising and promotion"); *Nichols v. Club for Growth Action*, 235 F. Supp. 3d 289, 295 (D.D.C. 2017) ("The Lanham Act only restricts commercial speech, or speech connected with a good or service."). The allegedly defamatory comments made by Defendants during the InfoWars video are not commercial speech or advertisements, but rather expressions of opinions as commentary during a radio show. *See Farah*, 736 F.3d at 541. The complained of conduct at issue does not fall within the zone of interest that the Lanham Act was intended to protect. *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1383 n. 6 (5th Cir. 1996). Because Plaintiffs do not have standing under the Lanham Act,[2] the claims under that statute should be dismissed with prejudice.

## B.   Defamation Claims

Plaintiffs' Amended Complaint alleges claims for defamation, defamation *per se*, and defamation by implication against each of the Defendants. Dkt. No. 47 at ¶¶ 75-92. Under Texas law, a plaintiff seeking to state a defamation claim must plead the following elements: (1) publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damages. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). A statement is

---

[2] Notably, in April 2020, Plaintiff Klayman filed a nearly identical suit filed in the Southern District of Florida. *See Klayman v. Infowars*, Case No. 20-cv-80614 (S.D. Fla. Apr. 13, 2020). There, *sua sponte* the district judge issued an order requiring a more definite statement, directing Klayman that if he were to replead his Lanham Act unfair competition claim, he needed to show that he had standing to do so. *Id.* Rather than replead, Klayman voluntarily dismissed that action, Dkt. Nos. 34-3, and instead has pursued the claim here, without alleging any additional facts to address the standing deficiencies the Florida court noted.

defamatory "if it tends to injure a person's reputation and thereby expose the person to public hatred, contempt, ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation." *Lipsky*, 460 S.W.3d at 593. Damages must be shown unless the statements are defamatory *per se*, meaning that the statements are so clearly harmful that general damages may be presumed. *Id.*

When a defamation suit is brought against a media defendant over a matter of public concern, the plaintiff bears the burden of proving falsity. *Klentzman v. Brady*, 312 S.W.3d 886, 898 (Tex. App. – Houston [1st Dist.] 2009). Texas Courts employ the "substantial truth doctrine" to determine the truth or falsity of a broadcast or publication: "if a broadcast taken as a whole is more damaging to the plaintiff's reputation than a truthful broadcast would have been, the broadcast is not substantially true and is actionable." *Neely v. Wilson*, 418 S.W.3d 52, 63 (Tex. 2013).

Claims of defamation by implication cover both "gist" and implication. *Dallas Morning News, Inc. v. Tatum*, 2018 WL 2182625, at *8 (Tex. 2018). To determine defamation by implication, the court must "determine whether the implication the plaintiff alleges is among the implications that the objectively reasonable reader would draw." *Id.* at *9. The court must "not place 'overwhelming emphasis on a[ny] single term' or 'focus on individual statements' to the exclusion of the entire publication." *Id.* at *10. It must "consider[ ] inferential meaning carefully, but not exhaustively." *Id.* Further, in order to curtail a chilling effect on freedom of speech, the plaintiff "must point to 'additional, affirmative evidence' within the publication itself that suggests the defendant 'intends or endorses the defamatory inference.'" *Id.*

### 1.    Owen Shroyer

Defendant Shroyer's motion to dismiss asserts that Plaintiffs have not pled sufficient facts to maintain a defamation claim against him. Dkt. No. 55. The Court agrees. Plaintiffs' Amended

Complaint contains no allegations that Shroyer himself engaged in defamatory conduct, but instead seeks to hold Shroyer liable for the alleged defamatory conduct of other defendants by arguing Shroyer was acting "in concert" with them.  Dkt. No. 47 at ¶¶ 8, 76, 81, 87.  Plaintiffs provide no facts in support of their conclusory allegations of conspiracy to defame with other defendants or that Shroyer "ratified" the allegedly defamatory statements complained of by Plaintiffs.  Rather, the only facts alleged against Shroyer in the Amended Complaint are that he appeared in InfoWars videos with his co-host Stone when Stone made the allegedly defamatory comments about Corsi and Klayman. Dkt. No. 47 at ¶¶ 49-54, 59-62.  Plaintiffs' attempt to equate Shroyer's presence in these videos with a conspiracy to defame is entirely conclusory and insufficient to support their claims.  *Walker v. Beaumont Ind. School Dist.*, 938 F.3d 724, 734 (5th Cir. 2019); *Hourani v. Mirtchev*, 796 F.3d 1, 16 (D.C. Cir. 2015); *King v. Jarrett*, 2016 WL 11581949, at *6 (W.D. Tex. June 17, 2016).  Given the lack of any factual allegations supporting Plaintiffs' assertion that Shroyer conspired with other defendants to defame Corsi or Klayman, Plaintiffs have failed to state a defamation claim against him.

### 2.    David Jones

The defamation claims against David Jones fail for the same reason.  Plaintiffs' Amended Complaint does not make any specific allegations of defamatory conduct by David Jones.  As with Shroyer, Plaintiffs attempt to hold David Jones liable for alleged defamatory remarks made by other defendants by asserting that David Jones was "acting in concert" with the other defendants.  Dkt. No. 47 at ¶¶ 8, 76, 81, 87.  The Amended Complaint's only factual allegations regarding David Jones are that he is the father of Defendant Alex Jones, that he is the alleged co-owner of Defendant entities InfoWars and Free Speech Systems,[3] and that he allegedly held the position of Director of Human

---

[3] In his motion to dismiss, David Jones denies the allegation that he is an owner of either InfoWars or Free Speech Systems. Dkt. No. 57 at 5.

Relations for Free Speech Systems. *Id.* at ¶ 8.  Based on these assertions alone, Plaintiffs contend that David Jones "worked in concert with and as an agent for the other Defendants," "participated in and ratified the illegal acts set forth in this Complaint," and "profited … from the tortious acts of the other Defendants." *Id.*  These assertions are wholly conclusory and unsupported by facts, and thus insufficient to survive a Rule 12(b)(6) motion. *Hershey v. Energy Transfer Partners*, 610 F.3d 239, 245-46 (5th Cir. 2010); *Walker*, 938 F.3d at 734.

To the extent Plaintiffs attempt to hold David Jones liable for any alleged defamatory actions of other defendants as an alleged owner of the limited liability companies InfoWars and Free Speech Systems, this argument also fails.  Under Texas law, owners of limited liability companies are not liable for the torts of the entity, unless the plaintiff can allege some basis for piercing the corporate veil. *See Hong v. Havey*, 551 S.W.3d 875, 885 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Bates Energy Oil & Gas v. Complete Oildfield Svcs.*, 361 F.Supp. 3d 633, 665 (W.D. Tex. 2019). Here, Plaintiffs include no allegations that indicate an intention to proceed against David Jones as an owner on an alter-ego theory of liability.  Given the lack of any allegations that David Jones personally engaged in defamatory conduct, or allegations supporting a basis to pierce the corporate veil or to hold David Jones liable on a theory of conspiracy, Plaintiffs' defamation claims against David Jones should be dismissed without prejudice.

### 3.      Alex Jones, InfoWars, and Free Speech Systems

Defendants Alex Jones, InfoWars, and Free Speech Systems ("Moving Defendants") jointly move to dismiss the claims filed by Corsi (Dkt. No. 58) and Klayman (Dkt No. 59), arguing that their defamation claims fail to allege facts sufficient to state a claim against them.  Dkt. Nos. 58, 59. Klayman does not allege Alex Jones himself made any defamatory remarks about Klayman. Nevertheless, as with Shroyer and David Jones, he seeks to hold Alex Jones and the Moving

Defendants liable for Stone's allegedly defamatory remarks about Klayman, based on a conspiracy theory.  Dkt. No. 47 at ¶¶ 8, 76, 81, 87.  The Moving Defendants assert that these claims fail because Plaintiffs fail to connect the Moving Defendants to the remarks.  Dkt. No. 59 at 15-16.  For the reasons discussed above with regard to Shroyer and David Jones, the Court agrees.  Plaintiffs fail to allege any facts that give credence to any of the Defendants acting "in concert" such that the Moving Defendants could be held liable for any alleged defamatory remarks of other defendants. Accordingly, the undersigned recommends these claims be dismissed.

Plaintiffs' Amended Complaint does, however, contain allegations that Alex Jones himself made several defamatory statements about Corsi during the October 2018 and January 2019 InfoWars videos.  Dkt. No. 47 at 41-44.  The statements Corsi alleges Jones made are these:

- "[W]hen I was in DC about six months ago with dr. [sic] Corsi he seemed to mentally be extremely degraded to the point of what I would call dementia."  Dkt. 47 ¶ 42.

- "[Corsi]'s on the ground at another table we had to help him out of there man they thought he was dead in the elevator."  *Id.* ¶ 43.

- "[Corsi] had a stroke or whatever's going on with Corsi that whatever comes out of his mouth ain't the truth."  *Id.* ¶ 44

- Corsi is a "spook, back and forth with different agencies."  *Id.* ¶ 67

The Moving Defendants assert that none of these remarks are actionable because they are all expressions of opinion, rhetorical hyperbole, or substantially true statements.  Dkt. No. 58 at 15-17. They argue that none of the remarks are actionable defamation because they are the type of imaginative expression, rhetorical hyperbole, and opinion statements that "cannot reasonably be interpreted as stating actual facts about an individual."  *Milkovich v. Lorain Journal Co.*, 491 U.S. 1, 2 (1990).

11

Defendants allege that Jones' statement that "when I was in DC about six months ago with dr. [sic] Corsi he seemed to mentally be extremely degraded to the point of what I would call dementia," is a statement of Alex Jones' opinion, and is thus not actionable as defamation. Dkt. No. 58 at 15-16.  The Court agrees.  Jones in this statement is offering his opinion regarding how he perceived Corsi's cognitive state based on seeing him in person.  This is not a fact statement, but rather a statement of opinion and is thus not actionable.  The same is the case with the related statement that "[Corsi]'s on the ground at another table we had to help him out of there man they thought he was dead in the elevator."  Corsi does not contend that Jones did not see him on the floor, nor does he challenge that others were concerned about his medical state.  Again, this is a statement of what Jones perceived.  Further,  Corsi fails to demonstrate how the statement has a defamatory meaning.

With regard to the statement that "[Corsi] had a stroke or whatever's going on with Corsi that whatever comes out of his mouth ain't the truth,"(Dkt. No. 47 ¶ 44), the motion asserts the statement was rhetorical hyperbole, and cannot be the basis of a defamation action.  Dkt. No. 58 at 16.  They contend that, reviewed in context, "a person of ordinary intelligence would perceive these words as nothing more than rhetorical hyperbole." *Id.* (citing *Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 729 (Tex. App. 2013)).  The Court agrees that the second half of this statement, that "whatever's going on with Corsi that whatever comes out of his mouth ain't the truth," would be considered by the ordinary person, particularly in the context of an InfoWars video, to be rhetorical hyperbole.  The statement that "[Corsi] had a stroke," however, is a straightforward factual statement, which, if false could support a defamation claim.  Jones concedes this, noting that, "in isolation, these might sound like false statements of fact."  Dkt. 80 at 5.  He notes, however, that when read in the full context of Jones' commentary, the statement is not defamatory, and instead is a statement of Jones' speculation

12

on Corsi's medical state. This context includes Jones' earlier statement that "I think he's got dementia or a stroke I mean I don't know," and his description of Corsi having "a really sharp brain until about a year ago." *See* Dkt. No. 7-2. Jones contends that in this context, the statement is Jones' view that Corsi was prone to error based on Jones' observations of Corsi's health. Though this is a closer call than the other statements, the Court agrees.

With regard to Jones' statement calling Corsi a "spook, back and forth with different agencies," (Dkt. No. 47 at ¶ 67), Jones contends the statement is not defamatory, but rather "most reasonable people would find such facts to be flattering." Dkt. No. 58 at 17. Indeed, a "spook" is a colloquial term for a person employed in the intelligence community,[4] and is generally not taken as a derogatory term. It is akin to referring to a police officer as a "cop." Further, Corsi's own affidavit establishes that the statement is literally true, in that Corsi worked with several intelligence agencies and had a top secret security clearance. Dkt. 74 at 24-26; ¶¶ 7, 15. To the extent Corsi contends that the implication of the statement was that he had assisted the Mueller investigation in an attempt to harm Roger Stone and Donald Trump, that implication is not apparent from anything alleged in the Amended Complaint, and Corsi fails to demonstrate how, even assuming the implication was made, the statement is defamatory.

In addition to the above arguments, the Moving Defendants also argue that the defamation claims fail because Plaintiffs have failed to allege any facts establishing the Defendants made these statements with actual malice. Because Corsi and Klayman's own pleadings demonstrate they are public figures, the Moving Defendants contend Corsi and Klayman must meet a heightened pleading standard requiring that they allege facts showing the Defendants made the defamatory remarks with

---

[4]The Merriam Webster Dictionary defines "spook" as "an undercover agent: SPY." *See* https://www.merriam-webster.com/dictionary/spook (visited 5/24/21).

actual malice. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974) (holding that private individuals become public figures when they have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved."). The Moving Defendants' contend Corsi's and Klayman's defamation claims fail because they make no plausible allegations that Defendants acted with actual malice. Dkt. No. 58 at 18. The Court agrees. Actual malice is a high burden. *See Peter Scalamandre & Sons, Inc. v. Kaufman*, 113 F.3d 556, 561 (5th Cir. 1997). A public figure suing for defamation must show the defendant knowingly made false statements, or made false statements with reckless disregard for the truth. *Id.* In this regard, the Amended Complaint is lacking. There are no allegations that lead to a reasonable inference that the Defendants acted with malice or a reckless disregard for the truth with regard to the remarks above. This is an alternative reason that dismissal is appropriate on these claims.

Corsi has failed to adequately allege that Alex Jones knowingly made false statements or acted with reckless disregard for the truth in making the complained of statements about Corsi, and has failed to adequately plead that Jones acted with malice in making the statements. As a result he has failed to state a claim against Jones or the Moving Defendants.

### 4.     Roger Stone

Lastly, Defendant Stone asserts that the defamation claims against him should be dismissed because they are time-barred. Dkt. No. 70 at 11-13. Under Texas law, defamation claims generally are subject to a one-year statute of limitations. TEX. CIV. PRAC. & REM. CODE, § § 16.002(a), 16.003(a); *Jackson v. W. Telemarketing Corp*., 245 F. 3d 518, 523 (5th Cir. 2001); *Hamad v. Center for Jewish Cmty. Studies*, 265 F. App'x 414, 417 (5th Cir. 2008). To determine whether a defamation claim is timely, courts in Texas have adopted the "single publication rule." *Forbes Inc. v. Granada Biosciences, Inc*., 124 S.W.3d 167, 173 (Tex. 2003). Under the single publication rule, defamation

14

claims must be brought within one year from the first date of publication, whether that be traditional print publication or publication on the internet. *Id.*; *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 529 (Tex. 2019).

Here, the allegedly defamatory statements on which the Plaintiffs' claims are premised were published when the InfoWars videos were made available online in October 2018 and January 2019, respectively. Dkt. No. 47 at ¶¶ 41-69. Corsi and Klayman sued Shroyer, Alex Jones, David Jones, InfoWars, and Free Speech Systems on March 7, 2019, are thus the claims against these defendants are timely under the statute of limitations. *See* Dkt. No. 1. However, Stone was not added as a defendant until the filing of the Amended Complaint on July 29, 2020. Dkt. No. 47. Because the claims against Stone were filed after the one year statute of limitations expired, the claims are time-barred. *See, e.g. Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."). Accordingly, the Plaintiffs' defamation claims against Stone should be dismissed with prejudice.

**C.     Intentional Infliction of Emotional Distress Claims**

Next, Plaintiffs assert common law claims of intentional infliction of emotional distress ("IIED"). To recover for IIED under Texas law, "a plaintiff must prove that 1) the defendant acted intentionally or recklessly, 2) the conduct was 'extreme and outrageous,' 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the resulting emotional distress was severe." *Standard Fruit & Veg. Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). Plaintiffs assert IIED claims against each Defendant for "knowingly and intentionally threatening Plaintiffs, in a manner similar to other death threats co-conspirator and Defendant Stone made to at least one material witness, involved in Special Counsel Mueller's Russian collusion investigation … as well as Judge Amy

Berman Jackson." Dkt. No. 47 at ¶ 95. The Amended Complaint otherwise fails to allege facts to support any of the elements of their IIED claims, and further, includes no specific allegations as to any defendant except for Stone. *Id.*

In addition to this lack of factual allegations necessary support the claim, IIED is a "gap-filler tort" designed to "supplement existing forms of recovery by providing a cause of action for egregious conduct 'that its more established neighbors in tort doctrine would technically fence out.'" *Standard Fruit*, 985 S.W.2d at 65. Thus, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447-48 (Tex. 2004). Here, the "gravamen" of Plaintiffs' IIED claim is defamation. Their IIED claim is "merely incidental to the commission of some other tort," and thus should be dismissed. *Standard Fruit*, 985 S.W.2d at 68.

**D.     Assault Claims**

Plaintiffs also assert common law claims of assault against all Defendants. Texas law defines assault as "threaten[ing] another with imminent bodily injury." Texas Penal Code § 22.01(a).[5] The Amended Complaint vaguely alleges that "Defendants placed Plaintiffs in apprehension of an imminent harmful or offensive contact and physical harm and death. . ." Dkt. No. 47 at ¶ 98. It further alleges, without any factual support, that Defendants call their followers "to arms" against unspecified victims. *Id.* at ¶¶ 99-100. With the exception of a vague comparison of Defendant Stone to the "Mafia," the Complaint provides no specific allegations that the Defendants threatened Corsi or Klayman with imminent bodily injury. *Id.* at ¶¶ 99-100. Plaintiffs' assault claims thus fail to survive Defendants' Rule 12(b)(6) motions and should be dismissed.

---

[5] Under Texas law, the elements for assault are the same in the civil and criminal context. *Sanders v. Schulze*, 2015 WL 5547630, at *9 (N.D. Tex. Aug. 31, 2015).

**E.      Leave to Amend**

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. Appx. 180, 182 (5th Cir. 2009). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). The Fifth Circuit has previously stated that "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion [within] the contemplation of Rule 15(a)." *Id.* (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).  As noted earlier, this is one of several lawsuits Corsi and Klayman have filed raising these very same claims.  Moreover, they have already amended their complaint in this case once.  Further, a nearly identical version of this suit was filed in the Southern District of Florida, and the judge there issued an order that pointed out many of the same problems that are addressed above, and ordered Corsi and Klayman to file a more definite statement to address the problems.  Instead of doing so, they chose to withdraw that suit and file this one.  Thus, if they had more facts to plead to cure the identified problems, they have certainly already had the opportunity to do so.  For these reasons, the undersigned recommends that the Court not permit Corsi or Klayman leave to amend, and dismiss the claims with prejudice.

### IV. MOTIONS FOR SANCTIONS

In addition to the motions to dismiss, Defendants Shroyer and Stone have both filed motions seeking sanctions against Corsi and Klayman under Rule 11.  Dkt. Nos. 56, 84.  Should the district judge adopt the recommendations made herein, it is possible that sanctions could be appropriate as

17

the defendants who made no challenged statements, and as to Stone, given that the statute of limitations had run on the claim against him when the suit was filed.  It would, however, be premature for the Court to address that issue before the district judge has acted on this Report and Recommendation.  Accordingly, the undersigned **ORDERS** that Defendants Shroyer and Stone's Motions for Sanctions (Dkt. Nos. 56 & 84) be **DENIED WITHOUT PREJUDICE** to being refiled once the district judge acts on this Report and Recommendation.

## V.  RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **GRANT** the Defendants' motions to dismiss (Dkt. Nos. 55, 57, 58, 59, 70), and **DISMISS** the Plaintiffs' claims **WITH PREJUDICE**, for failure to state a claim, and **DENY** Defendants Shroyer and Stone's Motions for Sanctions (Dkt. Nos. 56 & 84) **WITHOUT PREJUDICE** to being refiled once the district judge acts on this Report and Recommendation.

## VI.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474

21-50964.2012

U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

19

TAB 3



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEROME CORSI AND LARRY          §
KLAYMAN                          §
              PLAINTIFFS,        §
                                 §
V.                               §          CAUSE NO. 1:20-CV-298-LY
                                 §
INFOWARS, LLC, FREE SPEECH       §
SYSTEMS, LLC, ALEX E. JONES,     §
DAVID JONES, OWEN SHROYER,       §
AND ROGER STONE,                 §
              DEFENDANTS.        §

**ORDER ADOPTING REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the court in the above-styled and numbered cause of action are Defendant Owen

Shroyer's Motion to Dismiss for Failure to State a Claim and for Attorneys' Fees and Costs Under

Fla. Stat. § 768.295 filed August 26, 2020 (Doc. #55), Shroyer's Motion for Sanctions Against Dr.

Jerome Corsi Pursuant to Fed. R. Civ. P. 11 filed August 26, 2020 (Doc. #56), Defendant David

Jones's Motion to Dismiss Amended Complaint for Failure to State a Claim filed September 2,

2020 (Doc. #57), Defendants Infowars, LLC, Alex E. Jones, and Free Speech Systems, LLC's

(collectively referred to as "Infowars") Motion to Dismiss Plaintiff Jerome Corsi's Portion of the

Amended Complaint for Failure to State a Claim filed September 2, 2020 (Doc. #58), Infowars's

Motion to Dismiss Plaintiff Larry Klayman's Portion of the Amended Complaint for Failure to

State a Claim filed September 2, 2020 (Doc. #59), Defendant Roger Stone's Motion to Dismiss

filed September 16, 2020 (Doc. #70), Stone's Motion for Sanctions filed October 13, 2020 (Doc.

#84), and associated response and reply briefs.

On October 29, 2020, the district court referred all pending and future motions in this case

to a United States Magistrate Judge for resolution and report and recommendation. *See* 28 U.S.C.

§ 636(b); Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App'x C, R. 1.  The magistrate judge signed a report and recommendation on May 24, 2021 (Doc. #108), recommending that this court grant Infowars, David Jones, Shroyer, and Stone's motions to dismiss, dismiss Corsi and Klayman's claims with prejudice for failure to state a claim, and deny Shroyer and Stone's motions for sanctions without prejudice to being refiled.

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within 14 days after being served with a copy of the report and recommendation and thereby secure *de novo* review by the district court.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Corsi and Klayman filed objections to the report and recommendation on June 8, 2021 (Doc. #115).  Stone responded to Corsi and Klayman's objections to the report and recommendation on June 15, 2021 (Doc. #117), David Jones responded to the objections to the report and recommendation on June 21, 2021 (Doc. #118), and Infowars and Shroyer responded to the objections to the report and recommendation on June 22, 2021 (Doc. #119).  Corsi and Klayman replied to Stone's response to the objections on June 22, 2021 (Doc. #120) and replied to David Jones's response to the objections on June 24, 2021 (Doc. #121).  In light of the objections, the court undertakes a *de novo* review of the record and applicable law.

Corsi and Klayman's Motion for Status Conference and to Vacate Report and Recommendation of the United States Magistrate Andrew W. Austin was filed May 27, 2021 (Doc.

2

#109). David Jones responded to Corsi and Klayman's motion for status conference and to vacate report and recommendation on June 10, 2021 (Doc. #116). In light of the court overruling Corsi and Klayman's objections and adopting the magistrate judge's report and recommendation, the court will deny Corsi and Klayman's motion for a status conference and to vacate the report and recommendation.

Corsi and Klayman first argue that the magistrate judge erred when ignoring affidavits submitted by Corsi, Klayman, and Kelly Morales. The magistrate judge correctly pointed out that the inquiry on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019). The affidavits referenced in Corsi and Klayman's objections were attached to Corsi and Klayman's opposition briefs and not included with the amended complaint. The magistrate judge is correct to focus on the actual pleadings and the application of the Rule 12(b)(6) legal standard.

Corsi and Klayman next argue that the magistrate judge erroneously recommended dismissing the defamation claims against Shroyer and David Jones based on a lack of personal involvement because allegations in the complaint that defendants were working "in concert" to defame Corsi and Klayman were ignored. The court disagrees. In reviewing the pleadings, the magistrate judge determined that Corsi and Klayman's claims of alleged concerted action or conspiracy were insufficient to survive dismissal because the assertions were wholly conclusory and unsupported by any facts. In their objections, Corsi and Klayman provide no basis to sustain this objection and merely reassert the same insufficient, conclusory claims while referencing affidavits outside of the scope of a Rule 12(b)(6) inquiry.

3

Corsi and Klayman also assert that the magistrate judge erred in finding they did not allege actual malice, an alternative reason provided in the report and recommendation that dismissal of the defamation claims is appropriate. Specifically, Corsi and Klayman argue that Infowars, David Jones, Shroyer, and Stone acted with actual malice since they knew that the alleged defamatory statements were false because of their long histories and familiarity with Corsi and Klayman. The court disagrees. Again, Corsi and Klayman base this objection on affidavits outside of the scope of a Rule 12(b)(6) inquiry and offer no evidence from the pleadings that plausibly supports the claim that Infowars, David Jones, Shroyer, and Stone knew the complained-of statements were falsely made or with reckless disregard for the truth.

Next, Corsi and Klayman object to the magistrate judge's determination that they did not adequately plead Intentional Infliction of Emotional Distress ("IIED"). Corsi and Klayman rely on a comment directed at Corsi by Stone, saying, "I look forward to our confrontation. I will demolish you." However, Corsi and Klayman provide no argument to counter the magistrate judge's determination that the IIED is not "merely incidental to the commission of some other tort," and is thus appropriate for dismissal. Even if the referenced comment by Stone were enough of a factual allegation to necessarily support an IIED claim, the magistrate judge's determination that the "gravamen" of Corsi and Klayman's IIED claim is defamation would still warrant dismissal in this case.

The court is of the opinion that the remaining objections do not raise issues that were not adequately addressed in the report and recommendation. Therefore, finding no error, the court accepts and adopts the report and recommendation filed in this case for substantially the reasons stated therein. Accordingly,

4

**IT IS ORDERED** that Corsi and Klayman's motion for status conference and to vacate the report and recommendation (Doc. #109) is **DENIED.**

**IT IS FURTHER ORDERED** that Corsi and Klayman's objections (Doc. #115) to the report and recommendation of the United States Magistrate Judge are **OVERRULED.**

**IT IS FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. #108) is **ACCEPTED AND ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Shroyer and Stone's motions for sanctions (Docs. #56, 84) are **DENIED** without prejudice to refiling.

**IT IS FURTHER ORDERED** that Infowars, David Jones, Shroyer, and Stone's motions to dismiss (Docs. #55, 57, 58, 59, 70) are **GRANTED.**

**IT IS FINALLY ORDERED** that all of Corsi and Klayman's claims against Infowars, David Jones, Shroyer, and Stone are **DISMISSED WITH PREJUDICE.**

A final judgment shall be rendered subsequently.

SIGNED this _____ day of June, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

5

21-50964.2538

TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | | |
|---|---|---|
| JEROME CORSI AND LARRY KLAYMAN | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CAUSE NO. 1:20-CV-298-LY |
| | § | |
| INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, OWEN SHROYER, AND ROGER STONE, | § | |
| DEFENDANTS. | § | |

**FINAL JUDGMENT**

Before the court is the above-styled and numbered cause. On this date, the court rendered

an order granting Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David

Jones, Owen Shroyer, and Roger Stone's motions to dismiss and dismissing Plaintiffs Jerome

Corsi and Larry Klayman's claims with prejudice. As nothing remains to resolve, the court renders

the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David

Jones, Owen Shroyer, and Roger Stone are awarded costs of court.

**IT IS FURTHER ORDERED** that the case is hereby **CLOSED**.

SIGNED this _25th_ day of June, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

# TAB 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

JEROME CORSI, et al
*Plaintiff*,

v.

INFOWARS LLC, et al                                    Civil Action No.  1:20-cv-298-LY
*Defendants*

---

## <u>NOTICE OF APPEAL</u>

Plaintiffs Jerome Corsi and Larry Klayman hereby appeal to the U.S. Court of Appeals

for the Fifth Circuit this Court's June 25, 2021 order Adopting Report and Recommendation of

the United States Magistrate Judge, ECF No. 122, September 16, 2021 Order Denying Plaintiffs'

Motion for Reconsideration, ECF No. 155, October 12, 2021 Order Denying Motion to Stay and

Motion for Leave to File Second Amended Complaint, ECF No. 162, Final Judgment, ECF No.

123, and all other rulings and orders adverse to Plaintiffs in this matter.

Dated: October 12, 2021                              Respectfully Submitted,

/s/*Sanjay Biswas*
SANJAY BISWAS, Esq.
#24061235—Texas
#24966--Louisiana
11720 Duxbury Dr.
Frisco, Texas 75035
Telephone: (972)-866-5879
Email:sanjaybiswas41@gmail.com
Fax: 1-800-506-6804

*Counsel for Dr. Jerome Corsi*

/s/*Larry Klayman*
Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton FL, 33433
Email:leklayman@gmail.com

Tel: 561-558-5336

*Plaintiff Pro Se*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2021, a true copy of the foregoing was filed via ECF and served to all counsel of record though the Court's ECF system.

*/s/ Sanjay Biswas*

21-50964.3559

TAB 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DR. JEROME CORSI** and **LARRY KLAYMAN**, | § § § § § | CIVIL ACTION NO. 1:20-CV-00298-LY |
| Plaintiffs, | § § | |
| vs. | § § | |
| **INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, OWEN SHROYER**, and **ROGER STONE** | § § § § § § | |
| Defendants. | § | |

## SWORN AFFIDAVIT OF LARRY KLAYMAN

I, Larry Klayman, being over eighteen years of age and duly competent to testify, hereby swear and affirm as follows:

### A BRIEF HISTORY OF MY BACKGROUND

1. I have personal knowledge of the following facts and if called upon as a witness, could testify competently thereto.

2. In 1973, I graduated from Duke University where I majored in political science and French literature. I excelled academically and graduated with honors.

3. I then matriculated at Emory Law School where I excelled academically and graduated in 1977. While in law school, I worked as an intern at the U.S. International Trade Commission, the Georgia Attorney General and the U.S. Attorney for the Northern District of Georgia.

4. I passed The Florida Bar the first time I took the exam.

5. I passed all bar exams on my first attempt, including the District of Columbia Bar.

21-50964.1302

6.      I began my legal career in this circuit in Miami, Florida as an associate for Blackwell, Walker, Gray, Roberts, Flick & Hoehl ("Blackwell"), which was then the largest and most prestigious law firm in Florida. I was admitted into The Florida Bar having been sworn in on December 7, 1977. I have practiced law in this circuit continuously and extensively throughout my forty-two-year career and have active cases pending in this circuit and elsewhere in Florida, including during the period that I was a trial attorney for the U.S. Department of Justice's ("DOJ") Antitrust Division, from 1980 to 1982, where I was assigned litigation in this circuit.

7.      I conceived of and founded Judicial Watch, Inc. ("Judicial Watch") in 1994, a public interest group that's mission was to investigate and prosecute government corruption and abuse. I was the Chairman, General Counsel, and Corporate Treasurer of Judicial Watch until I voluntarily departed in 2003 to run as a candidate for the U.S. Senate in Florida in the Republican primary election.

8.      In 1998, during the time I ran Judicial Watch, I hired Thomas J. Fitton ("Fitton") as my contract assistant. I later appointed him president of the organization I founded.

9.      In September of 2003, I voluntarily departed from Judicial Watch to run for the U.S. Senate in Florida. At the time I left Judicial Watch, I learned that Fitton had never graduated from college, which he had told me he had when I initially hired him.

10.     Contrary to Defendant Roger Stone's ("Defendant Stone") false and defamatory publications, I have enjoyed many successes in my career as a lawyer, many of which have been brought to the attention of the public by complimentary newspapers, magazines, editorials and journals.

11.     For example, I practiced law at Blackwell with my supervising partners Paul Larkin and Layton Mank and participating in winning product liability cases as defense counsel for Blackwell including cases involving Raleigh bicycles, pharmaceutical drugs manufactured by

2

Burroughs-Wellcome, and allegedly misdiagnosed cancer victims, and other personal injury and medical malpractice cases. Additionally, I handled lawsuits in admiralty.

12.     I left Blackwell to join the DOJ as a trial lawyer, prosecutor and defense lawyer in late 1979. During my time at the DOJ, I had many victories in the courtroom as well as favorable settlements for the government, i.e., such as for the Consumer Affairs Section of the Antitrust Division over misbranded, adulterated food and drug products including fruit drinks and prophylactics for the Food & Drug Administration ("FDA") and successful seizures and criminal prosecutions of dangerous products on behalf of the Consumer Product Safety Commission ("CPSC") such as slant-sided refuse bins, flammable children's sleepwear, and intraocular lens implants for cataract patients.

13.     Importantly, I was also on the trial team that successfully broke up the AT&T monopoly – creating competition in the telecommunications industry. I left the DOJ in late 1981.

14.     Then, working as an international trade lawyer for Busby, Rehm & Leonard and after a few years having founded my own firm The Law Offices of Larry E. Klayman, later named Klayman & Associates, P.C., I won countervailing duty and antidumping duty cases concerning steel from South Africa, garden furniture from Italy, musical instrument pads from Italy, coffee filters from Brazil, key limes from Peru, fireworks from China and a host of other product imports. I represented both importers and exporters. (While at Busby, Rehm & Leonard, I also took some months on hiatus and worked in the Competition Directorate (DG-4) of the Commission of the European Communities Section ("E.C.").

15.     Later, with my law firm, I won Section 337 unfair trade practice cases at the U.S. International Trade Commission ("USITC") concerning tennis rackets from Belgium, power tools from Taiwan, luggage from Taiwan, mass spectrometers from France, jam from Belgium, and machine tools from Brazil. I won a landmark case concerning recloseable plastic bags, which

3

21-50964.1304

broke the patents of Minigrip and Dow Corning, Minigrip's licensee. That case victory opened up competition for zip lock bags, a multi-trillion dollar industry.

16.     There was also an USITC patent case, pursuant to Section 337, which I litigated and won involving motorcycle helmets and another antidumping and countervailing duty cases before the Commerce Department and USITC concerning fire protection products and scuba diving neoprene body suits.

17.     I also won a Section 302 case involving paper from Brazil.

18.     All of the Section 337 cases were judge-tried and I won every one of them.

19.     I won a jury trial against Makita over power tools, another jury trial against a domestic manufacture of removable swimming pools for my client Remove Pool Fence Co., and yet another jury trial for my client, Maccaferri, on a contract dispute. These are only some of the jury trials I won during my early career.

20.     Because of my work during the time I ran Judicial Watch, a court ruled that President William Clinton committed a crime during the Filegate litigation. I also triggered the famous Chinagate scandal in a Freedom of Information Act, 5 U.S.C. § 552 et seq., which gave rise to Judicial Watch ultimately being awarded almost a million dollars. I filed cases which ended Bill and Hillary Clinton's attempted illegal purchase at below market rates for their mortgage of their home at Chappaqua, New York and ended the illegal payment of legal fees to the Clintons by State Farm, which was a form of bribery. I also participated in the famous *Gore v. Bush* litigation in Tallahassee, Florida that settled the 2000 presidential elections by the U.S Supreme Court. I also brought a case under the Foreign Agents Registration Act ("FARA") over the Cheney Energy Task Force that made its way to the U.S. Supreme Court.

21.     I brought a case for Jose Basulto of Brothers to the Rescue in a Florida court, which resulted in a $1.8 million judgment against the Republic of Cuba for shooting down Brothers to

4

the Rescue planes, and I represented the Miami family of Elian Gonzales and other victims of Fidel Castro, such as journalists who were jailed by Castro for their political beliefs. In this regard, I not only filed criminal complaints for these victims against Fidel Castro in Belgium courts, but also lobbied and testified in both Italian and French in Italy and France, as I am fluent in both languages, before various European parliaments to increase economic sanctions on Cuba for abuse of human rights. I also lobbied the European Union in Brussels, Belgium for increased sanctions on Cuba.

22.     On December 16, 2013, Judge Richard J. Leon granted my request for a preliminary injunction in my case against the National Security Agency ("NSA") and the Obama administration, when Judge Leon found for the first time in history that the collection of metadata telephony records by the NSA was likely unconstitutional.

23.     Because of that ruling, Congress enacted the USA Freedom Act, which sought to end illegal and unconstitutional mass surveillance by government intelligence agencies and the Federal Bureau of Investigation ("FBI").

24.     I obtained a jury verdict in the U.S. District Court for the Southern District of Florida against my former public interest group Judicial Watch, which was then run by Fitton, for maliciously defaming me in the amount of $181,000, which included punitive damages.

25.     My client Sheriff Joe Arpaio and I were the first to challenge former President Obama's unconstitutional executive amnesty for over 5 million illegal aliens and were ultimately successful, along with 25 other attorneys general, in front of the U.S. Supreme Court.

26.     It was my efforts that prevented Dr. Jerome Corsi ("Dr. Corsi") from getting indicted, first because he told the truth and did not engage in witness tampering and threaten to kill a witness such as Randy Credico, as Defendant Stone did, and second because of my legal skill and acumen. Dr. Corsi is a material witness in the Russian Collusion investigation by Special

21-50964.1306

Counsel Robert Mueller ("Mueller") and is listed as a material witness as Person 1 in Defendant

Stone's Mueller indictment.

27.     I have had many other successes in addition to the above-listed victories.

28.     I myself authored a book titled "Whores: Why and How I Came to Fight the

Establishment" published in 2009. In it, I wrote about my unfortunate experience with Defendant

Stone. *See* Exhibit A. I authored this book myself without a ghostwriter and I came runner-up at

an International Book Fair. It also still has a review on www.Barnesandnoble.com of 4.5 stars out

of the maximum 5 stars.

29.     Upon its publication, Jack Cashill, the author of "Ron Brown's Body" had this to

say about me: "That *Time* magazine has yet to name Larry Klayman 'Man of the Year' is a failure

of *Time*, not Klayman's. The work he and Judicial Watch did on the Brown case is stunning." *See*

Exhibit B.

30.     Joseph Farah, the founder of WorldNetDaily.com, had this to say about me: "Larry

Klayman is my hero because he has integrity – enough to prevent him from blind loyalty to party

or ideology . . . That's because he is fearless and relentless in the pursuit of justice . . . There were

other men like Larry early in American history. Their names were Washington, Jefferson,

Madison and Henry. *See* Exhibit B.

31.     Louis Jacobson of the National Journal said this of me: " . . . through his challenge

of secrecy rules, Larry Klayman has become a force in Washington. *See* Exhibit B.

32.     Bill Moyers, of "Now" PBS, said this: ". . . his idea of fun is trying to kick down a

door some public official has marked secret . . . Larry Klayman is himself a conservative, but

there's nothing partisan bout his indignation."

33.     Frank Rich, famed columnist for "The New York Times" said this: "Larry . . . I

appreciate your own maverick – if we can still use that word! – thinking and stands."

6

21-50964.1307

34.     These are just a few of the accolades I have received over the years from conservatives and liberals alike, who appreciate and admire my work. *See* my biography attached as Exhibit C and incorporated herein by reference; *see also* Exhibit D, "Larry Klayman, the One Man Tea Party" which attributes the genesis of the Tea Party to me.

35.     I am now the founder, Chairman and General Counsel of Freedom Watch, Inc., which has the mission of investigating and prosecuting government corruption and abuse through legal advocacy. I also am in private practice with The Klayman Law Group, P.A. I am unique as a public interest advocate. I am a columnist for World Net Daily and have had about 500+ columns published over the last 10 years. I have also been a columnist for Newsmax through a blog titled "Klayman' Court" and in addition to my book "Whores: How and Why I Came to Fight the Establishment", I also published two other books: "Fatal Neglect" and "Essays of a Mad Man." I also have my own syndicated radio show with Radio America called "Special Prosecutor with Larry Klayman."

## MY EXPERIENCES WITH DEFENDANT ROGER STONE

36.     I met Defendant Stone at the Old Ebbitt Grill in Washington, D.C. in 1988 while he was a partner with Paul Manafort and others and was working as a lobbyist for the firm Black, Manafort, Stone, & Kelly.

37.     Defendant Stone was a "political consultant" who claimed to help get presidents and other politicians elected. The firm made money by then lobbying the very men they put in office.

38.     Defendant Stone backed Republican candidate Jack Kemp for President and he recommended that I be put on the executive finance committee, which also included Donald J. Trump.

21-50964.1308

39.     Because Defendant Stone knew of my successes and capabilities as a private lawyer, he told me that he had recommended me for U.S. Attorney when George Bush was President in 1992.

40.     In 1996, at a Republican Convention in San Diego, California, Defendant Stone was filmed at a "toga party" with his wife at a "swingers party."

41.     The media at the time went after Defendant Stone because of his alleged participation in the "sex party" and created a scandal.

42.     The media alleged at the time that Defendant Stone solicited sex half-naked, and that there was a picture of Defendant Stone in a compromising position to back up the story.

43.     Defendant Stone contacted me and, because he knew my capabilities and acumen as a lawyer, retained me to represent him to get the media to cease what he claimed then was a smear campaign.

44.     I successfully got the media to back off Defendant Stone through my skill as a lawyer and Defendant Stone was grateful.

45.     I maintained in sporadic contact with Defendant Stone until 2003 when I told him of my plans to voluntarily leave Judicial Watch and run for the U.S. Senate.

46.     There were confirmed rumors that Senator Bob Graham would retire from the U.S Senate well before he announced his retirement in November 2003. Defendant Stone traveled in Republican and political circles and knew that the Senator would be retiring in early to mid 2003.

47.     Thus, I was in contact with Defendant Stone in early to mid 2003, having been put in contact with him by Scott Reed, then Chief of Staff to Jack Kemp, who then was Secretary of Housing and Urban Development, and Defendant Stone was made aware by Scott Reed that I intended to run for the U.S. Senate to fill Bob Graham's seat.

21-50964.1309

48.     As I was a newcomer to politics, it would have been virtually impossible for me to beat Bob Graham, the incumbent, given the privileges and name recognition an incumbent receives, unless he or she is enmeshed in a major scandal. Senator Bob Graham was never enmeshed in such scandal.

49.     Because he was aware of my prior successes at Judicial Watch and before, Defendant Stone wanted to work with me as my U.S. Senate campaign manager. During this time, the spring, summer, and fall of 2003, and in preparation for my U.S. Senate run, Defendant Stone researched and kept books and records of many of my accomplishments. He had several binders (2-3 feet) full of information about me and the victories that I had obtained at Judicial Watch and elsewhere. Again, because Defendant Stone knew of my successes and legal political acumen, Defendant Stone wanted to be on my team and help me run for the U.S. Senate.

50.     Defendant Stone thus knew of many cases I had won in courtrooms and other legal accomplishments and in fact had kept records of successes in a book of my accomplishments.

51.     Soon after I hired him and during the height of my U.S. Senate campaign, I discovered that Defendant Stone had a conflict of interest and was working with Al Sharpton, while simultaneously working with me. He had agreed to represent me exclusively and I considered Al Sharpton to be an unsavory character. He also was not competently running my campaign with a staff of his friends which he had hired at great expense to me.

52.     I let Defendant Stone go roughly after about one month of his working with me on my U.S. Senate campaign. Shortly after his being let go, Defendant Stone and his sidekick Mike Caputo, whom he hired on my behalf as the campaign's press secretary, along with other staff Defendant Stone had hired, stole thousands of dollars of campaign cell phones and laptops, which I had purchased with my personal funds for the campaign.

21-50964.1310

53.     I have not spoken to Defendant Stone since I parted ways with him in 2003 given this experience.

54.     Defendant Stone is an individual and citizen of Florida. Special Counsel Robert Mueller ("Mueller") indicted Stone as part of the alleged "Russian Collusion" investigation with seven different felony counts, including lying under oath, witness tampering and obstruction of justice by threatening to kill a material witness and his service dog.

55.     The January 18, 2019 InfoWars video, published in this circuit, contained several false, misleading and defamatory statements concerning me. These false and defamatory statements include but are not limited to:

> **At 1:25, Defendant Stone says, "He's (Klayman) never actually won a courtroom victory in his life."**
>
> **At 1:30, Defendant Stone says, "He (Klayman) was ousted at Judicial Watch. Ask Tom Fitton why he left. He was 'ousted' because of a 'sexual harassment complaint.'"**
>
> **At 1:37, Defendant Stone says, "He's (Klayman) incompetent, he's a numbskull, he's an idiot, he's an egomaniac, and he could be the single worst lawyer in America. With him as Jerry Cori's lawyer, Corsi may get the electric chair. So your idea that he's a good guy is entirely wrong."**
>
> **At 2:01, Defendant Stone published that Plaintiff is "a piece of garbage."**
>
> **At 4:11, Defendant Stone says, "For those people out there who think . . . that Larry Klayman's IQ is higher than 70, you're wrong . . ."**

Am. Compl. at ¶¶ 55, 56, 59, 61, 62.

56.     Defendant Stone acted with actual when he published the false, misleading and defamatory statements concerning me because he knew they were false or acted with a reckless disregard to their truth, as set forth herein.

57.     Defendant Stone not only acted with actual malice when he published the false, misleading and defamatory statements concerning me, but he also had motives to maliciously

21-50964.1311

defame me. He published the false and misleading statements knowing that they were false or with a reckless disregard for their truth. Defendant Stone had reason to know that his statements were false.

58.     Defendant Stone is aware of *many, many* victories of mine as he was in charge of putting together the book of my accomplishments for fundraising purposes for my U.S. Senate campaign, among other reasons.

59.     Since the time I let Defendant Stone go as my campaign manager in late 2003, Defendant Stone has tried to trade off my clients like a "scavenger." I have warned my clients not to become involved with him as, in my opinion and through my experience, Defendant Stone is not an honorable, ethical or honest person. He has been widely and rightly called a self-styled "dirty trickster" In my opinion, this characterization is accurate based on my experience dealing with him. *See* "Get me Roger Stone" on Netflix, https://www.netflix.com/title/80114666. He tried to trade off my clients for his own profit and purposes.

60.     When the National Enquirer contacted me in 2018 to get a comment on a story it was writing about President Donald Trump and to get my legal opinion on the Mueller investigation, I told the reporter not to quote me in the same article as Defendant Stone, or any article in which he wrote, as Defendant Stone wrote for the National Enquirer at the time. The National Enquirer is located in South Florida and is apparently close with Defendant Stone, a South Florida citizen. I did not want to be quoted or associated at all with Defendant Stone because I consider him – like others do – to be a self-styled dirty trickster who was likely going to be indicted for alleged criminal behavior by Mueller and in fact was indicted by Mueller.

61.     In 2018, I also told Alex Jones and his show producers on InfoWars that I did not want to appear on any show which included Defendant Stone or had ties to Defendant Stone,

11

either as a guest or as a host, because I strongly felt at the time that Mueller may indict Defendant Stone. Defendant Stone was at the time a host on InfoWars.

62.     I also warned Alex Jones not to release any information – that was potentially under seal in the contempt case of *Melendrez v. Arpaio*, 07-cv-02513 (D. Ariz. 2007) – which he may have improperly obtained from Defendant Stone or others concerning Dennis Montgomery, another whistleblower client of mine who contracted with the U.S. government so it could use his software capabilities for intelligence gathering.

63.     During the criminal trial of my client Cliven Bundy, again to try to scavenge off my clients, Defendant Stone flew to Las Vegas, Nevada where the Bundys lived and boasted that he could get a pardon for Cliven Bundy and his sons. I told Carol Bundy, Cliven's wife and the sons' mother, to stay away from Defendant Stone and she did.

64.     I also warned my then client at the time, Dennis Montgomery, to stay away from Defendant Stone.

65.     Defendant Stone wanted to – and did – intimate and threaten my client Dr. Corsi since he is a material witness in the Mueller investigation as Defendant Stone obviously feared that he would testify against him to Mueller. Defendant Stone feared me as Dr. Corsi's lawyer as he knew that I know what type of person he is and must have thought falsely that my representation of Dr. Corsi was my revenge for him having harmed me during my U.S. Senate campaign.

66.     In sum, Defendant Stone tried to trade off my clients and I shut this down every time in order to protect my clients from Defendant Stone. He also knew that I wanted nothing to do with him and I predicted early on in the Russian collusion investigation that Mueller would most likely indict Defendant Stone because of – in my experience with him – his rank dishonesty and dirty tricks.

21-50964.1313

Case 1:20-cv-00298-LY-DH   Document 73   Filed 09/30/20   Page 40 of 66

67.     This, in addition to other information that will be meted out in discovery, supplies the motive to maliciously defame me. That he attacks my acumen and ability as a lawyer and defamed me personally with false sexual harassment complaint claims is directly related to my having kept him away from my clients.

68.     This vindictive, malicious retaliation by Defendant Stone had a logical purpose. He tried to intimate and threaten Dr. Corsi and me in order for us not to collaborate with Mueller. We obviously did not collaborate with Mueller but Defendant Stone is both unstable and unhinged (*See* CDs containing videos of defamatory statements and publications) and apparently paranoid and he tried to prevent collaboration at all costs in order to save his own skin. His conduct toward us is similar to his conduct toward Material Witness 2 in the Mueller investigation, Randy Credico, who he allegedly threatened "Mafioso style" to kill. He even allegedly threatened to kill Credico's service dog, for which he was in part indicted.

## DAMAGES

69.     As an attorney, I rely on my virtue and integrity, as my reputation and good will determines the amount of clients that come to me to earn a living for their legal matters in the public interest and privately.

70.     Any damage done to my reputation harms my ability to practice law as a lawyer, particularly in this circuit, which is my community. This also harms my work as an author, columnist and syndicated radio talk show host, all of which depend on reputation and good will.

71.     Defendant Stone's statements in this instance have caused harm to my reputation, good will and well being in this circuit, the United States, and globally, as I am also an international lawyer as previously set forth in this affidavit.

13

21-50964.1314

72.     There was never any single instance of someone making a sexual harassment complaint against me during my almost ten years at Judicial Watch. Defendant Stone's statements to the contrary are false and defamatory and made with actual malice.

73.     Defendant Stone acted with actual malice when he published that I was "ousted" because of a sexual harassment complaint because he knew that was false. Am. Compl. at ¶ 56. Defendant Stone knew or had reason to know that this was false, as he was my campaign manager when I left Judicial Watch.

74.     As set forth in my opposition to Defendants' motions to dismiss, which attaches the testimony of Fitton of Judicial Watch, this also proves the falsity of this statement. Indeed, both Fitton and Defendant Stone have been forced to testify under oath that they never spoke about my being "ousted." Defendant Stone thus fabricated this falsity, according to Fitton's sworn testimony.

75.     The damage done to me and my clients Dr. Corsi, Cliven Bundy, and the Gold Star parents of Extortion 17 whose sons died in combat in Afghanistan, because of Defendant Stone is continuing. As just one example, a person approached me in an elevator and told me that I was "ousted" at Judicial Watch.

76.     Defendant Stone acted with actual malice when he published all of the defamatory statements. He knew the statements were false or had a reckless disregard for their truth. He had reason to know his false and misleading statements were false.

77.     I was damaged financially, as well as to my reputation and good will, and emotionally, by the defamatory and other tortious acts of Defendant Stone.

78.     Each of the Defendants, Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars, is intimately familiar with my background, qualifications and successes as a public interest and private attorney. For this reason, I was previously invited to appear on Infowars on

14

many occasions before Defendants decided – at the direction of Defendant Stone – to defame my client, Dr. Corsi and me.

Affiant Sayeth Not

SWORN TO UNDER OATH THIS 30TH DAY OF SEPTEMBER OF 2020.

_____
Larry Klayman

15

TAB 7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DR. JEROME CORSI** and | § | CIVIL ACTION NO. 1:20-CV-00298-LY |
| **LARRY KLAYMAN**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **INFOWARS, LLC, FREE SPEECH** | § | |
| **SYSTEMS, LLC, ALEX E. JONES,** | § | |
| **DAVID JONES, OWEN SHROYER**, and | § | |
| **ROGER STONE** | § | |
| | § | |
| Defendants. | § | |

## SWORN DECLARATION OF DR. JEROME CORSI

I, Dr. Jerome Corsi, being over eighteen years of age and duly competent to testify, hereby swear and affirm as follows:

1.      I have personal knowledge of the following facts and if called upon as a witness, could testify competently thereto.

2.      I graduated magna cum laude with a B.A. in Political Science and Economics from Case Western Reserve University in 1968.

3.      I received a Ph.D. in Political Science from Harvard University in 1972.

4.      For over twenty-five (25) years, I worked in banking and finance, establishing investment programs for banks in the United States and worldwide to create financial planning services for their retail customers.

5.      From 1968 to 1981, I worked at various universities where I conducted research on federally funded grants.

1

21-50964.1363

6.      In 1981, I published "Terrorism as a Desperate Game: Fear, Bargaining, and Communication in the Terrorist Event" in *Journal of Conflict Resolution*, a mathematical game-theoretical model for predicting the outcome of terrorist events.

7.      The content of my publication resulted in a top-secret clearance by the U.S. Department of State's ("State Department") Agency for International Development, where I joined a team of psychiatrists and psychologists to develop a hostage-survival training program for State Department's officials overseas.

8.      Since 2004, I have published over twenty-five (25) books, seven (7) of which were *New York Times* Bestsellers, including two (2) #1 *New York Times* Best-sellers.

9.      In addition to being a New York Times Bestselling author, I am also an investigative journalist and political analyst.

10.     I currently hold active Life & Health insurance licenses, as well as Property & Casualty insurance licenses in New Jersey.

11.     For over twenty (20) years, I have been a licensed National Association of Security Dealers registered representative, currently holding FINRA-registered licenses as a Registered Principal, Financial Principal, Options Principal and Municipals Principal.

12.     I have been a frequent guest on radio and television shows, including but not limited to appearances on CNN, Fox News, Fox Business, MSNBC, and on Infowars, before having been defamed by Defendants.

13.     I personally know Defendant Roger Stone ("Defendant Stone") and he personally knows my qualifications and me. I have even ghostwritten books for Defendant Stone and we used to be friends and colleagues. Defendant Stone is thus intimately familiar with my personal and professional history.

21-50964.1364

14.     In 2016, after the presidential election, I worked very closely with Alex Jones and his father David Jones, as well as with the Infowars staff, including Owen Shroyer. I made multiple trips to Austin, Texas, to appear live in-studio on Infowars broadcasts.  I accepted an assignment from Alex Jones to create for Infowars a news bureau in Washington, D.C.  From the beginning, I found Alex Jones to be erratic, subjects to emotional outbursts, even reacting that I was trying to "steal his company" when with his father's assistance, I brought a multi-million dollar legitimate investment offer from highly credible sources to the table to discuss the proposal with Alex and his father.

15.     Several times, concerned that I might quit over how badly Alex Jones was treating me, Dr. Jones met with me privately, often over breakfast.  In those breakfasts, I counseled Dr. Jones over my concerns that Alex should seek professional psychological help.  While in my work under various contracts with federal government agencies to consult over anti-terrorism tactics, I had the opportunity to work with very experienced psychiatrists and psychologists.  Still, I am not medically trained, and I cautioned Dr. Jones that the problems I perceived with Alex's behavior should be professionally evaluated by qualified medical professionals.

16.     My efforts to create a news bureau in the nation's capital failed because Alex Jones insisted that staff I wanted to hire must work for free as "interns."  Throughout my 12 years at World Net Daily, I frequently had White House press credentials.  In 2012, the Secret Service cleared me to work as "traveling press," riding on the Romney campaign airplane for the last 3 weeks of the presidential campaign.  At no time was I ever denied press credentials at the highest levels was alcohol ever raised as an issue in the many extensive background checks I underwent.  In the early 1980s, I received Top Secret clearance from the federal government to

21-50964.1365

work on anti-terrorism contracts with the Agency for International Development at the State Department in Washington, D.C.

17.     Throughout the time I spent with Infowars, Dr. Jones would typically pick me up at the Austin Airport to transport me to the downtown hotel where Dr. Jones had made my room reservations.  At various times, we had breakfast together, often on trips when he was returning me to the airport to depart Austin.

18.     I am today 74 years-old.  I have no alcohol-related offenses on my record.  Since the mid-1980s, I have held securities licenses, first with the NASD and now with FINRA, agencies that conduct licensing in the securities industry for the federal government.  My securities records over that time, contain no customer complaints and no reports of behavior problems of any kind, including no alcohol-related problems.  I also have held for decades property and casualty as well as life and health insurance licenses in New Jersey.  I have created two broker/dealers in my financial services career.

19.     On my website, CorsiNation.com — a website I founded and managed as CEO — I conduct a daily hour-long podcast, live-streamed on multiple Internet channels simultaneously. I hold a Ph.D. from Harvard University's Department of Political Science, dating back to 1972.  I appear regularly on various news programs, including those broadcast by the major networks.  I have conducted thousands of radio interviews going back to 2004, when I entered the third phase of my career, currently working full-time as an investigative journalist and political commentator.

20.     Charges of alcoholism by the Defendants including broadcast charges made by Alex Jones and Defendant Roger Stone, have no basis in fact or substantiation in the extensive public record that exists of my life and professional career.

4

21.     Special Counsel Robert Mueller indicted Defendant Stone on seven counts of perjury, witness tampering and obstruction of justice.

22.     The Honorable Amy Berman Jackson who presided over Defendant Stone's prosecution, placed a gag order on him in part for threatening the judge herself by posing an Instagram meme of a crosshairs (gun) to her head.

23.     The seven-count indictment against Defendant Stone included lying under oath, witness tampering and obstruction of justice by threatening to kill a material witness, Randy Credico ("Credico") and his service dog if Credico did not lie or invoke the Fifth Amendment to government authorities concerning his involvement with Defendant Stone. Credico is Person 2 in the indictment. I am Person 1. Defendant Stone was later convicted of all seven (7) felony counts.

24.     Based on my personal knowledge of the interactions of Defendant Stone and the other Defendants, I assert that Defendant Stone, acting in concert with the other Defendants including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars, began a calculated and premeditated public relations campaign against my lawyer, Mr. Larry Klayman ("Mr. Klayman") and myself.

25.     Defendant Stone knew of his imminent indictment and therefore began his malicious crusade against Mr. Klayman and myself in order to influence public opinion and Special Counsel Robert Mueller by trying to attribute guilt to me.

26.     It is apparent that the malicious crusade against me by Defendants, who acted in concert, was calculated to coerce me to testify falsely at Defendant Stone's criminal trial.

27.     Defendant Stone, acting in concert with the other Defendants, also sought to divert funds away from my legal defense fund, while boosting his own.

5

21-50964.1367

28.     Contrary to Defendant Stone's false publication, I am not "certifiably insane and I have not "told multiple provable lies." Compl. at ¶ 26. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

29.     Contrary to Defendant Stone's false publication, I am not "mentally degraded to the point of [] dementia." Compl. at ¶ 42. I do not have dementia and have never been diagnosed with any mental illness. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

30.     Importantly, I was under contract with Infowars until the relationship ended and Defendants would not have retained me if I was "mentally degraded to the point of [] dementia." Compl. at ¶ 42.

31.     Contrary to Defendant Stone's false publication, he never saw me at a steakhouse where I was "on the ground at another table" where security staff "thought that [I] was dead in the elevator." Compl. at ¶ 43. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

32.     Contrary to Defendant Stone's false publication, I never suffered a stroke and it is a false statement of fact that "whatever comes out of [my] mouth ain't the truth." Compl. at ¶ 44. In publishing this false statement that Defendants knew to be false or published recklessly

21-50964.1368

because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

33.     Contrary to Defendant Stone's false publication, I was not "fired from World Net Daily." Compl. at ¶ 49. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

34.     Contrary to Defendant Stone's false publication, I was not "perfectly willing to lie, to perjure [myself] saying that a memp that [I] had [written] [Defendant Stone] on the 30th for the purposes of cover-up . . . which is further proof that [I] lied under oath." Compl. at ¶ 50. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

35.     Contrary to Defendant Stone's false publication, I do not have a "feeble alcohol affected memory." Compl. at ¶ 51. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

36.     Contrary to Defendant Stone's publication, I was not "prepared to stab a principle Trump supported in the back" nor was I "perfectly prepared to bear false witness against [Defendant Stone]." Compl. at ¶ 52. In publishing this false statement that Defendants knew to

21-50964.1369

be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

37.     Contrary to Defendant Stone's publication, it is a false statement of fact that "all [Defendant Stone] ever did was show [me] friendship and support and try to help [me] and [my] family and what [Defendant Stone] got was Judas Iscariot, the willingness to testify against [Defendant Stone] and help the deep state bury [Defendant Stone] . . . and then [I] make[] up this story about helping [Defendant Stone] formulate a cover story." Compl. at ¶ 53. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

38.     Contrary to Defendant Stone's false publication, it is a false statement of fact that "you can always tell when [I] [am] lying because [my] lips are moving . . ." Compl. at ¶ 54. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

39.     Contrary to Defendant Stone's false publication, it is a false statement of fact that Mr. Klayman "never actually won a courtroom victory in his life." Compl. at ¶ 55. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

21-50964.1370

40.     Contrary to Defendant Stone's false publication, it is a false statement of fact that Mr. Klayman "was ousted at Judicial Watch. Ask Tom Fitton why he left .he was 'ousted' because of a sexual harassment complaint." Compl. at ¶ 56. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar Mr. Klayman and with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

41.     Contrary to Defendant Stone's false publication, it is a false statement of fact that Mr. Klayman is "incompetent, he's a numbskull, he's an idiot, he's an egomaniac, and he could be the worst single lawyer in America. With him as [my] lawyer, [I] may get the electric chair. So [the] idea that he's a good guy is entirely wrong." Compl. at ¶ 59. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with Mr. Klayman and me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

42.     Contrary to Defendant Stone's false publication, it is a false statement of fact that Mr. Klayman is "a piece of garbage." Compl. at ¶ 61. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with Mr. Klayman and me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

43.     Contrary to Defendant Stone's false publication, Mr. Klayman's IQ is higher than 70. Compl. at ¶ 62. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

9

21-50964.1371

44.     Contrary to Defendant Stone's false publication, it is a false statement of fact that "[I] was perfectly willing to bear false witness against [Defendant Stone] on multiple points that are complete fabrications." Compl. at ¶ 64. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

45.     Contrary to Defendant Stone's false publication, it is a false statement of fact that "[I] had told a number of lies. In fact, [I] [am] starting to conflate [my] lies . . . [I] was perfectly willing to lie about [Defendant Stone] . . . but now lying about Alex Jones, lying about Infowars, lying about Dr. [David] Jones . . . [I] can no longer be believed." Compl. at ¶ 65.

46.     Defendant Stone falsely published: "I think you've [Corsi] been deep state from the beginning. Your whole birther thing is used as a club to destroy conservatives . . . **I look forward to our confrontation. I will demolish you.** You're a fraudster, out of your alcoholic haze you have made up lies about David Jones and Alex Jones and Roger Stone and now I suspect they want you to lie about the President." Compl. at ¶ 66 (emphasis added). Not only does Defendant Stone know this to be false but this malicious rant is also a threat. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me,, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

47.     Contrary to Defendant Stone's false publication, I am not a "spook, back and forth with different agencies[.]" Compl. at ¶ 67. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me,

21-50964.1372

as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

48.     Contrary to Defendant Stone's false publication, it is a false statement of fact that sometimes I am "not being able to walk" which creates the false and defamatory implication that I am an alcoholic. Compl. at ¶ 68. I am not an alcoholic. In publishing this false statement that Defendants knew to be false or published recklessly because they are intimately familiar with me, as set forth above, Defendant Stone acted in concert with the other Defendants, including Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars.

49.     As an investigative journalist, as well as my other professions and hobbies, I rely on my virtue and integrity.

50.     My reputation determines everything from the amount of books I sell to the frequency of my radio and television appearances.

51.     I have ghostwritten books for Defendant Stone and he intimately knows my qualifications and me. Thus, Defendant Stone and the other Defendants falsely published these statements when they knew them to be false or at least with a reckless disregard for their truth.

52.     Defendant Stone, acting in concert with Defendants Alex Jones, David Jones, Owen Shroyer, Free Speech and Infowars, has caused severe harm to my reputation, good will and well-being, financially and otherwise. They also caused my family and me severe emotional distress for which I have had to seek medical care.

SWORN TO UNDER OATH THIS 30TH DAY OF SEPTEMBER OF 2020.

Dr. Jerome Corsi

11

21-50964.1373

TAB 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

DR. JEROME CORSI, ET AL

Plaintiffs

     v.

INFOWARS, LLC, et al

      Defendants.

**Case Number:   1:20-cv-298-LY**

**SWORN DECLARATION OF KELLY MORALES**

  1. I, Kelly Morales, hereby declare under penalty of perjury that the following is true and correct and based on my personal knowledge and belief.

  2. I am over the age of 18 and mentally and legally competent to make this affidavit, sworn under oath.

  3. I am the former wife of Defendant Alex Jones.  I was married to Alex Jones for 12 years and with him for 15 years and we have 3 children together. During our time together, I was involved in the activities of Alex, his father David and Infowars and am intimately knowledgeable about their activities and business structure.

  4. Based on my personal knowledge and experience, David Jones runs Infowars with Alex Jones and helps him with his activities, including fixing media stories and endorsing and/or aiding his slanderous and/or fraudulent behaviors, all for profit.

  5. Infowars, LLC is a sub-entity of Free Speech Systems, LLC ("FSS"), and David Jones is an employee of FSS, or he has been.

  6. David Jones is additionally a managing member of multiple entities that are closely held businesses, constituting financial holding companies or financial distribution centered around Infowars/Alex Jones' supplement line, which are quintessential to funding and running Infowars.

  7. Alex Jones could not function without David Jones, and has conspired with him on the past to commit this breach of fiduciary duty and fraud on my business/estate with Alex Jones. While David Jones did this, he slandered and/or defamed me to experts and assisted Alex Jones and his attorneys to do the same, so as to steal/hide my estate and his grandchildren's inheritance.

  8. Alex Jones is quasi-illiterate, and cannot use technology or apps such as email with any fluency, and he cannot function without assistance from those around him, including David Jones.

  I hereby swear under oath and penalty of perjury that the foregoing facts are true and correct to the best of my knowledge and belief.

  Executed on September 30, 2020

Kelly Morales

2

TAB 9

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Alexander E. Jones, | § | **CASE NO. 20-10118-hcm** |
| | § | |
| Alleged Debtor. | § | **Chapter 11** |
| | § | |

**Affidavit of David Jones in Support of Alleged Debtor's Motion to Dismiss**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared David Jones, who after being sworn did state upon his oath, as follows:

1.      "My name is David Jones. I am over 18 years of age and otherwise competent and capable of making this Affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

2.      "I have been involved with Alex Jones' personal and business finances for many years and have personal knowledge of the matters set forth herein, and they are true and correct.

3.      "I have personally reviewed the Real Estate Lien Note from Alexander Jones to Kelly R. Jones dated March 19, 2015 (the "*Note*"), which is attached to the Involuntary Bankruptcy Petition filed in the above referenced case and have reviewed the record of payments made by Alexander Jones to Kelly R. Jones under the Note. I have personally calculated the remaining balance of the Note. The balance of the Note is $596,267.16 as of the date hereof.

"Further Affiant sayeth not."

SIGNED on this 12 / day of February, 2020.

_____
David Jones

Sworn to and subscribed before me, the undersigned authority, on this 13th day of February, 2020.

_____
Notary Public for the State of Texas
EXP 09-24-2022

PATRICK RILEY
Notary Public, State of Texas
Comm. Expires 09-24-2022
Notary ID 131734177

4837-5475-576

1

TAB 10



# Transcript of Thomas J. Fitton

**Date:** June 6, 2019
**Case:** Klayman -v- Fitton

**Planet Depos**
**Phone:** 888.433.3767
**Email::** transcripts@planetdepos.com
**www.planetdepos.com**

1

```
1         IN THE UNITED STATES DISTRICT COURT
2         FOR THE SOUTHERN DISTRICT OF FLORIDA
3
4   LARRY KLAYMAN,            *
5         Plaintiff,          *
6     vs.                     *  Civil Action
7   THOMAS FITTON,            *  No. 1:19-cv-20544
8         Defendant.          *
9
10
11
12      Videotaped Deposition of THOMAS J. FITTON
13               Washington, D.C.
14            Thursday, June 6, 2019
15                 3:06 p.m.
16
17
18
19  Job No.: 247643
20  Pages 1 - 92
21  Reported by:  Vicki L. Forman
22
23
24
25
```

2

```
1         Videotaped Deposition of THOMAS J. FITTON,
2   held at the offices of:
3
4       Planet Depos
5       Suite 950
6       1100 Connecticut Avenue, Northwest
7       Washington, D.C.  20036
8       (888) 433-3767
9
10
11
12         Pursuant to agreement, before Vicki L.
13  Forman, Court Reporter and Notary Public in and
14  for the District of Columbia.
15
16
17
18
19
20
21
22
23
24
25
```

3

```
1              A P P E A R A N C E S
2
3   ON BEHALF OF THE PLAINTIFF PRO SE:
4       LARRY KLAYMAN, ESQUIRE
5       Klayman Law Group, P.A.
6       Suite 345
7       2020 Pennsylvania Avenue, Northwest
8       Washington, D.C.  20006
9       (310) 595-8088
10
11
12
13  ON BEHALF OF THE DEFENDANT:
14      RICHARD W. DRISCOLL, ESQUIRE
15      Driscoll & Seltzer
16      Suite 610
17      300 North Washington Street
18      Alexandria, Virginia  22314
19      (703) 822-5001
20
21
22
23
24
25
```

4

```
1   ON BEHALF OF THE DEFENDANT:
2       KATIE M. MERWIN, ESQUIRE
3       Cole, Scott & Kissane, P.A.
4       Suite 120
5       222 Lakeview Avenue
6       West Palm Beach, Florida  33401
7       (561) 383-9206
8       (Present via Telephone.)
9
10
11
12  ALSO PRESENT:  Joannis Arsenis, Videographer
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Transcript of Thomas J. Fitton
Conducted on June 6, 2019

41

1     MR. KLAYMAN:  Certify it.
2     Q  So as President of Judicial Watch you
3  would have known for sure that this Complaint had
4  been filed, correct?
5     MR. DRISCOLL:  Objection to form.
6     **A  Well, the press release indicates it was**
7  **filed and I recall we sued about the raid, yes.**
8     Q  And you gave interviews about suing in the
9  raid, correct, in the media?
10    **A  I don't remember.**
11    Q  Turn to the last page, page five.
12       The Complaint is signed by James F
13  Peterson, correct?
14    **A  His name is on the last page of the**
15  **Complaint as a signatory.**
16    Q  He is an attorney at Judicial Watch,
17  correct?
18    **A  Yes.**
19    Q  Now, Mr. Peterson had contact with Roger
20  Stone over the issue of the raid on his house, did
21  he not?
22    **A  Not that I'm aware of.**
23    MR. DRISCOLL:  Objection to form.
24    Q  You're saying you don't know one way or
25  the other?

42

1     **A  I don't believe he has.  I said I would**
2  **know if he had.**
3     Q  How would you know if you couldn't even
4  identify the Complaint?
5     **A  Another abusive harassing question.**
6     MR. DRISCOLL:  It's a foundation question.
7  You can go ahead and answer it.
8        How would you know if he had contacted
9  Roger Stone?
10    MR. KLAYMAN:  Or if Roger Stone contacted
11  him.
12    **A  Is it privileged?**
13    MR. DRISCOLL:  That's an interesting
14  question.  The fact of the communication would not
15  be.  The contents of it would be.
16    **A  How I would know is my question of whether**
17  **it's privileged or not.**
18    MR. DRISCOLL:  No, I'm going to allow you
19  to answer that one.
20    **A  How I would know about what my attorneys**
21  **are doing or Judicial Watch's attorneys are doing?**
22    MR. DRISCOLL:  Yeah, and you're not
23  disclosing a communication.  You're just
24  describing a process.
25    **A  Typically that type of communication would**

43

1  **have been disclosed to me.**
2     Q  But you don't know for sure that
3  Mr. Peterson didn't have contact with Roger Stone?
4     MR. DRISCOLL:  Objection to form.
5     **A  I'm confident there was no such contact.**
6     Q  You have told Mr. Peterson in the past,
7  have you not, that I was ousted from Judicial
8  Watch because of a sexual harassment complaint?
9     MR. DRISCOLL:  Objection to form.
10 Mr. Peterson is an in-house counsel and I'm going
11 to direct the witness not to answer.  That's an
12 attorney-client privilege.
13    MR. KLAYMAN:  Certify it.
14    Q  So you don't know whether or not
15 Mr. Peterson repeating what you had told him then
16 republished that to Roger Stone?
17    MR. DRISCOLL:  The communications between
18 an in-house counsel and the President of the
19 corporation relating to legal advice and
20 assistance are privileged.  He can't answer the
21 question about the contents of the communication
22 or derivative questions that would disclose the
23 content of the communication.
24    MR. KLAYMAN:  That's the crux of the
25 lawsuit.  That does not apply in this context.

44

1     MR. DRISCOLL:  That doesn't waive the
2  privilege.
3     Q  Are you saying that you never told anyone
4  at Judicial Watch that I was ousted because of a
5  sexual harassment complaint?
6     MR. DRISCOLL:  Anyone other than the
7  attorneys?
8     MR. KLAYMAN:  Anyone.
9     MR. DRISCOLL:  No, I can't allow him to
10 answer that question.
11    Q  Are you saying that you never told anyone
12 that I was -- regardless -- let's take attorneys
13 out of it.
14       Have you ever -- you have told other
15 people in addition to -- strike that.
16       You have told other people excluding
17 attorneys that I was ousted from Judicial Watch
18 because of a sexual harassment complaint?
19    **A  You have to ask the question again.**
20    MR. KLAYMAN:  Read it back, please.
21    **A  Please.**
22    MR. KLAYMAN:  Let me rephrase it.
23    Q  I'm taking attorneys out of this question.
24 I'm saying you have told others who aren't
25 attorneys over the course of the last 16 years

45

1  since I left Judicial Watch that I was ousted
2  because of a sexual harassment complaint?
3      A  No, because that's not true.  You weren't
4  ousted as a result of a sexual harassment
5  complaint.
6      Q  After I sued you in this particular case
7  has anyone -- have you or anyone at Judicial Watch
8  or your counsel tried to contact Roger Stone?
9      MR. DRISCOLL:  Objection to form.  The
10 question invades the attorney-client privilege and
11 the attorney work product.  I direct the witness
12 not to answer.
13     MR. KLAYMAN:  Certify it.
14     Madam court reporter, have a page in the
15 front where you have all the certified questions
16 and where you can find them to make it easy for
17 the Magistrate Judge.  Thank you.
18     Q  Now, I turn your attention back to your
19 affidavit which is --
20     A  Exhibit 3.
21     Q  Exhibit 3.  Turn your attention to
22 paragraph seven where it says "I have no
23 recollection of ever having any communication with
24 Roger Stone," do you see that?
25     A  Uh-huh.

46

1      Q  Now, it doesn't say you didn't have a
2  communication with Roger Stone.  It just says that
3  you have no recollection of having one, correct?
4      A  That's correct.
5      Q  Do you remember during the Clinton years
6  that witnesses would always come in and say we
7  have no specific recollection and we would contest
8  that?
9      MR. DRISCOLL:  Just ask your question,
10 Larry.
11     Q  So you can't say categorically that you
12 haven't had communications with Roger Stone?
13 You're just saying you don't have a recollection
14 of ever having it, correct?
15     A  I think the statement speaks for itself.
16     Q  You could have said I have never
17 communicated with Roger Stone, correct, if that's
18 what you were trying to say, that you never had
19 any contact?
20     A  The statement speaks for itself.
21     Q  Then you state in the next sentence "I
22 have never published, uttered or implied to Roger
23 Stone that Klayman was the subject of a sexual
24 harassment complaint during his employment by
25 Judicial Watch or that his resignation from

47

1  Judicial Watch was motivated by an employee's
2  sexual harassment complaint," do you see that?
3      A  Yeah.
4      Q  Again, that statement does not say that
5  you never spoke with Roger Stone, just that you've
6  never published that particular issue, correct?
7      A  It says what it says.
8      Q  And then it states "Any statement by Roger
9  Stone regarding Klayman was made without my
10 knowledge or information and therefore I did not
11 intend and could not intend to harm Klayman or his
12 reputation," do you see that?
13     A  Yes.
14     Q  Now, you're not saying in that statement
15 that you didn't communicate with Roger Stone.
16 You're saying that you didn't know that he was
17 going to republish anything about me, correct?
18     MR. DRISCOLL:  Objection to form.  The
19 document speaks for itself.
20     A  The document speaks for itself.
21     Q  If you don't want to explain it that's
22 fine.
23     A  You're mischaracterizing it.
24     Q  I do agree.  It speaks for itself and
25 there's a lot of loopholes in it.

48

1      MR. DRISCOLL:  Why don't you just ask him
2  the question.  Did he ever --
3      MR. KLAYMAN:  I will ask the questions
4  that I want to ask, Mr. --
5      MR. DRISCOLL:  All right.
6      Q  I want to turn to paragraph eight.
7      Do you see the statements in the last
8  sentence of paragraph eight where it says "To
9  support his claim Judicial Watch submitted
10 evidence demonstrating that Klayman was forced to
11 resign due to inappropriate conduct" and you list
12 three examples of your alleged inappropriate
13 conduct, do you see that?
14     A  Yeah.
15     Q  Now, you have in the last 16 years told
16 many people, and I'm excluding any attorneys,
17 exactly what is written in this affidavit and
18 which you swore to under oath?
19     MR. DRISCOLL:  I'm going to object to the
20 question and direct the witness not to answer that
21 question to the extent it's related to the other
22 lawsuit that is currently pending in the U.S.
23 District Court for the District of Columbia, Case
24 Number 06-cv-670.
25     MR. KLAYMAN:  That's not a basis to tell

1              IN THE CIRCUIT COURT OF THE SEVENTEENTH CIRCUIT
         IN AND FOR BROWARD COUNTY AND THE FIFTEENTH JUDICIAL
2            CIRCUIT FOR PALM BEACH COUNTY, FLORIDA, FLORIDA

3

4    LARRY KLAYMAN,
                                    CASE NO. 19-011394
5             Plaintiff,

6       -vs-

7    ROGER STONE,

8             Defendant.
     _____/
9
     JEROME CORSI, et al
10
                   Plaintiff
11

12      vs.                   CASE NO. 50-2019-CA-013711

13

     ROGER STONE, et al
14
                   Defendant
15   _____/

16

                 VIDEOTAPED DEPOSITION OF ROGER STONE
17
                         VOLUME I OF II
18
                   Wednesday, February 12, 2020
19                    9:42 a.m. - 4:28 p.m.

20

                 110 Southeast 6th Street, Suite 1700
21                  Fort Lauderdale, Florida 33301

22

     Stenographically Reported By:
23   PATRICIA BAILEY-ENTIN, FPR
     Notary Public, State of Florida
24   BAILEY & ASSOCIATES REPORTING, INC.
     Fort Lauderdale Office
25   Phone - 954-358-9090

| | |
|---|---|
| 1 | **But let's start with my sworn affidavit on top,** |
| 2 | **and I'll ask that that be marked.  It -- it entails --** |
| 3 | MR. KLAYMAN:  And you can just mark it right in |
| 4 | the book -- |
| 5 | THE REPORTER:  Sure. |
| 6 | MR. KLAYMAN:  -- to make it easy. |
| 7 | That's Exhibit 2 to the Stone deposition and it |
| 8 | entails 59 pages. |
| 9 | (Plaintiffs' No. 2, Affidavit of Larry Klayman, |
| 10 | was marked for Identification.) |
| 11 | BY MR. KLAYMAN: |
| 12 | **Q.   You are aware, Mr. Stone, that I'm the founder** |
| 13 | **of Judicial Watch?** |
| 14 | A.   I am. |
| 15 | **Q.   You've spoken to Tom Fitton, haven't you?** |
| 16 | A.   One time in my entire life.  I saw him |
| 17 | backstage at a conference in -- at Dural, maybe a couple |
| 18 | months ago, and we -- we shook hands in passing.  Beyond |
| 19 | that, I've never spoken to the man. |
| 20 | **Q.   You've spoken to others at Judicial Watch,** |
| 21 | **though, haven't you?** |
| 22 | A.   No, actually, I haven't.  Not that I recall. |
| 23 | **Q.   You -- you may have, but you just don't recall?** |
| 24 | A.   I don't recall ever speaking to anyone at -- at |
| 25 | Judicial Watch.  I couldn't name anybody else at |

TAB 11

```
1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
2                       AUSTIN DIVISION

3  JEROME CORSI, LARRY KLAYMAN,          ) AU:20-CV-00298-LY
                                         )
4     Plaintiffs,                        )
                                         )
5  v.                                    ) AUSTIN, TEXAS
                                         )
6  INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, )
   ALEX E. JONES, DAVID JONES, OWEN SHROYER, )
7                                        )
      Defendants.                        ) MAY 21, 2020
8
            ***********************************************
9              TRANSCRIPT OF TELEPHONE CONFERENCE
                BEFORE THE HONORABLE LEE YEAKEL
10          ***********************************************

11 APPEARANCES:

12 FOR THE PLAINTIFFS:  LARRY KLAYMAN
                        KLAYMAN LAW GROUP P.A.
13                      2020 PENNSYLVANIA AVENUE NW, SUITE 800
                        WASHINGTON, D.C. 20006
14
   FOR THE DEFENDANTS:  JAY MARSHALL WOLMAN
15                      RANDAZZA LEGAL GROUP, PLLC
                        100 PEARL STREET, 14TH FLOOR
16                      HARTFORD, CONNECTICUT 06103

17                      BRADLEY JORDAN REEVES
                        REEVES LAW, PLLC
18                      702 RIO GRANDE STREET, SUITE 306
                        AUSTIN, TEXAS 78701
19
                        MARC J. RANDAZZA
20                      RANDAZZA LEGAL GROUP, PLLC
                        2764 LAKE SAHARA DRIVE, SUITE 109
21                      LAS VEGAS, NEVADA 89117

22                      DAVID SCOTT WACHEN
                        WACHEN LLC
23                      11605 MONTAGUE COURT
                        POTOMAC, MARYLAND 20854
24

25
```

09:44:34  1  months here doesn't mean anything.  I realize this case may

09:44:38  2  have sat around in the previous court for a while.  That's not

09:44:43  3  your fault; that's not my fault.  I got it for new when it got

09:44:49  4  filed this year, and that's what I'm picking up with.

09:44:54  5        You're going to have to figure how much time you want

09:45:00  6  because once I get it set, once I fill in after a subsequent

09:45:06  7  conference your trial month and final pretrial conference date

09:45:16  8  and time, you're not likely to get a continuance or a

09:45:20  9  postponement.

09:45:21  10        So sit down, presume for the moment that the motion

09:45:28  11  to dismiss is denied, and schedule your case accordingly.  And

09:45:33  12  then if the motions to dismiss are granted, then it just got

09:45:36  13  easier for everybody.  So put those dates firmly in your mind

09:45:45  14  because, as I said, once I have scheduled you for final

09:45:50  15  pretrial conference and trial, I am not likely to change those

09:45:55  16  dates.

09:45:55  17        You'll hear about this again.  I've told you about

09:45:59  18  the large dockets we have.  It creates far too big a ripple

09:46:03  19  effect through my docket if I start trying to reset things, so

09:46:08  20  I simply don't do it.

09:46:10  21        Each of you needs to understand you only have one

09:46:12  22  role in this case, and that's to resolve it.  And you can do in

09:46:17  23  one of three ways -- and you will hear this again -- you could

09:46:21  24  settle it or I could grant a well-taken dispositive motion for

09:46:26  25  one or more defendants, be it a motion to dismiss or a motion

09:46:32  1  for summary judgment or any other nature of dispositive motion,

09:46:37  2  or you can try the case.  And I don't care which of the three

09:46:40  3  alternatives it is.

09:46:42  4        I like to try lawsuits.  If I had my way and could

09:46:47  5  pass one law, I would do away with motion practice altogether,

09:46:51  6  and you would either settle your case or try your case, the way

09:46:55  7  it was in the olden days.  And it was a much better system

09:47:00  8  before we developed this cottage industry about discovery and

09:47:04  9  motions practice.

09:47:05  10       So I'm not going to get you back here before your

09:47:07  11  trial and knock you around about why you haven't settled.

09:47:12  12  You're not going to be pushed as you go along to get your case

09:47:16  13  settled.  If you get it settled, that will be fine.  But that

09:47:20  14  is not anything that particularly bothers me.

09:47:23  15       I also don't care about controversial cases or

09:47:28  16  parties, and I don't care how long it takes to try a case.

09:47:31  17  Lengthy cases do not bother me.  However, I will tell you now

09:47:36  18  that you will get put on a clock.  At the appropriate point in

09:47:43  19  this case we will discuss how much time you're going to get to

09:47:46  20  try in your case, so you need to factor into what you're doing

09:47:49  21  that you're not going to get unlimited time to try your case.

09:47:52  22       So how long do you think you need to get in a

09:47:56  23  scheduling order for me?

09:48:02  24       MR. KLAYMAN:  Your Honor, I think we can do it in

09:48:04  25  ten days.